[L. A. No. 25860.  In Bank.  Oct. 31, 1960.]

SOUTHERN PACIFIC COMPANY (a Corporation), Respondent, v. JOHN G. OPPENHEIMER, Appellant.

John G. Oppenheimer, in pro. per., for Appellant.

E. D. Yeomans, William E. Still, John J. Corrigan and James O'Brien for Respondent.

WHITE, J.—Plaintiff, Southern Pacific Company, commenced this action against John G. Oppenheimer, a former employee, seeking that he be permanently restrained from filing or presenting in any court an action against plaintiff for wages or penalty wage payments arising out of the defendant's employment by the plaintiff railroad between August 1 and August 2, 1955.

Following the filing of the complaint, the defendant, pursuant to section 2030 of the Code of Civil Procedure, submitted numerous interrogatories to the plaintiff. The latter's objections thereto were sustained by order of the court, and the defendant appeals from that order. The order sustaining the objections provides in part as follows:

"Plaintiff's objections to certain interrogatories are sustained and its motion for a protective order is granted. It is ordered that plaintiff need not answer any of the interrogatories served on it by defendant and filed March 10, 1960. Said interrogatories are ordered stricken. Defendant is ordered to pay to plaintiff its costs and expenses, including attorney's fees, in the sum of $100.00, which sum the court deems to have been reasonably incurred by plaintiff in the preparation and presentation of its objections and motion. Said sum shall be paid on or before April 8, 1960, and shall not in any event be recoverable by defendant as costs. It is further ordered that defendant may not commence any other or additional discovery proceedings in this case on notice, motion or otherwise, except upon leave of court on motion noticed in writing."

That portion of the order for payment of attorney's fees is within the express authority of the court.[1] The plaintiff, however, has not been paid any part of the $100, and at the oral argument herein, expressly waived any interest therein or right thereto. It moves to dismiss the appeal on the ground that the foregoing order, with the provision for attorney's fees deleted therefrom, is not appealable.

Generally no appeal can be taken except from a final order or judgment as defined in the statutes and developed in

---

[1]Code Civ. Proc., § 2030, subd. (b) provides in part: "The provisions of subdivision (b) of Section 2019 of this code are applicable for the protection of the party from whom answers to interrogatories are sought under this section." Code Civ. Proc., § 2019, subd. (b)(1) provides in part: "In granting or refusing such order the court may impose upon either party . . . the requirement to pay such costs and expenses, including attorney's fees, as the court may deem reasonable."

the case law. (Code Civ. Proc., § 963; *Lavine* v. *Jessup,* 48 Cal.2d 611, 613 [311 P.2d 8].) ▮ It is recognized, however, that the term "a final judgment" as used in the statute is not limited to the final judgment entered in an action (*Sharon* v. *Sharon,* 67 Cal. 185, 196 [7 P. 456]), and that it is the substance and effect and not the designation "interlocutory" or "final" which determines the appealability of a judgment. (*In re Los Angeles County Pioneer Society,* 40 Cal.2d 852, 857-858 [257 P.2d 1]; *Lyon* v. *Goss,* 19 Cal.2d 659, 669-670 [123 P.2d 11]; *Security-First Nat. Bank* v. *Superior Court,* 132 Cal.App. 683 [23 P.2d 1055].) ▮ Thus, where there is a final determination of some collateral matter distinct and severable from the general subject of the litigation, even though litigation of the main issues continues, an appeal nevertheless is authorized. (See 3 Witkin, California Procedure, Appeal, § 11, p. 2151.) ▮ However, it is firmly established that orders relating to inspection and discovery are not appealable. (*Collins* v. *Corse,* 8 Cal.2d 123, 124 [64 P.2d 137].) In the Collins case, which concerned the former inspection procedure under the then existing section 1000 of the Code of Civil Procedure (now Code Civ. Proc., § 2031), it was held that inspection is not a collateral matter but is in the nature of a procedure for the compelling of evidence to prove or disprove the truth of the issues directly involved in the action and an order made relating thereto cannot be properly classified as a final determination of a collateral matter. (See also *Adams* v. *Superior Court,* 49 Cal.2d 427, 430 [317 P.2d 983]; *Dowell* v. *Superior Court,* 47 Cal.2d 483, 486 [304 P.2d 1009]; *Union Oil Co.* v. *Reconstruction Oil Co.,* 4 Cal.2d 541 [51 P.2d 81].) It is manifest that the identical reasoning and conclusion are applicable to orders relating to interrogatories.

Reliance by the defendant on cases holding that an order for the payment of interim attorney fees (*Sharon* v. *Sharon, supra,* 67 Cal. 185 [7 P. 456]) or the payment of money generally (*Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 484, 491 [114 P. 838]) is appealable, is not justified in the instant case, as the issue relating to attorney fees has now become moot with the waiver thereof by the plaintiff.

▮ Shorn of the issue involving the payment of attorney fees, the defendant's contentions are otherwise without merit. The remainder of the order is, for the reasons hereinbefore stated, not appealable, but is reviewable on an appeal from the judgment finally entered in the action. (Code Civ. Proc.,

§ 956; *Illinois Trust & Sav. Bank* v. *Pacific Ry. Co.*, 99 Cal. 407, 410 [33 P. 1132].)

The appeal is dismissed. The parties will bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.