[Civ. No. 25234. Second Dist., Div. Four. Jan. 30, 1962.]

FRED WOOLDRIDGE, JR., a Minor, etc., Plaintiff and Respondent, v. JOE G. MOUNTS et al., Defendants and Appellants.

Schell & Delamer and Fred B. Belanger for Defendants and Appellants.

Alvin E. Honoroff, Bernard Echt and Abe Mutchnik for Plaintiff and Respondent.

BURKE, P. J.—This is an action for personal injuries in which Fred Wooldridge, Jr., a minor, through his guardian *ad litem,* recovered a verdict and judgment in the sum of $6,000 against defendants Joe G. Mounts and Granite Materials Company. Defendant Mounts was employed by defendant Granite as a truck driver.

Plaintiff, a 16-year-old high school student at the time of the accident, was part of a crowd of two hundred to three hundred students which had assembled to watch a fist fight in the street where the accident occurred after school on September 16, 1957.

At the time of the accident defendant Mounts was driving a Granite truck with a dump bed on it and with a trailer behind it. Mounts was driving on the street where the fight occurred but his passage was blocked by the crowd for a period of 15 to 20 minutes.

When the truck moved plaintiff who was on the edge of the mob was caught by the left front wheel of the trailer and thrown to the ground. The trailer tires then passed over plaintiff's leg causing the injuries for which plaintiff brought this suit.

Defendants raise two basic contentions on their appeal: (1) plaintiff was guilty of the violation of a *malum prohibitum* statute, which violation was the proximate cause of his injuries and he is therefore barred from recovery of damages for such injuries; (2) it was reversible error for the court in discovery proceedings prior to the trial, to "strike interrogatories relevant to the issues to be tried after another trial court judge has made an order permitting the institution of further discovery" proceedings.

In support of their first contention, defendants point out that at the time of the happening of the accident section 80.40 of the Los Angeles Municipal Code provided as follows with reference to standing in roadways:

"No person shall stand in any roadway other than in a safety zone or in a cross-walk if such action interferes with the lawful movement of traffic.

"This section shall not apply to any police officer, surveyor, streetsweeper or other person when necessary upon a street in line of duty."

Defendants contend plaintiff was standing in the roadway and in so doing he interfered with the lawful movement of traffic. Defendants further argue there was no evidence to show plaintiff's conduct was excusable or justifiable.

In the case of *Newton* v. *Thomas,* 137 Cal.App.2d 748, 762 [291 P.2d 503], section 40 of an ordinance of the city of Gilroy, which provided "No person shall stand in any roadway . . . if such action interferes with the lawful movement of traffic," was held to be invalid. The court referred to *Stricklin* v. *Rosemeyer,* 52 Cal.App.2d 558, 561 [126 P.2d 665], which held an ordinance of the City and County of San Francisco making it "unlawful for any person to be in any roadway other than a safety zone . . ." was invalid. This action followed the decision in *Pipoly* v. *Benson,* 20 Cal.2d 366, 372 [125 P.2d 482, 147 A.L.R. 515], in which it was decided the use of public roadways by pedestrian traffic is a matter covered by the Vehicle Code. The court in the latter case referred to section 21954, subdivision (a) of the Vehicle Code, which provides: "Every pedestrian crossing a roadway at any

point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.''

In a more recent case, *Holman* v. *Viko* (1958) 161 Cal.App.2d 87, 93 [326 P.2d 551], holding a Los Angeles Municipal Code section (80.39) dealing with regulation of pedestrian traffic invalid, the court reaffirmed the doctrine, saying at page 93:

''. . . use by pedestrians of roadways between intersections is a subject which has been preempted by State statute, subject only to exceptions expressly (not impliedly) declared by the Legislature; . . .''

Based upon these decisions we hold the provisions of section 80.40 of the Los Angeles Municipal Code are invalid and cannot be considered in the case before us. The applicable section of the Vehicle Code, section 21954 (formerly Veh. Code, § 562), requires ''Every pedestrian crossing a roadway at any point other than within a marked crosswalk . . . shall yield the right-of-way to all vehicles upon the roadway.'' It does not follow from this section, however, that every pedestrian who gets hit by a vehicle while failing to yield the right-of-way is guilty of contributory negligence as a matter of law.

As said in *Shipway* v. *Monise*, 59 Cal.App.2d 565, 571 [139 P.2d 60], ''. . . the real question of fact in such a case is whether the required care has been exercised, and not merely whether or not the right of way has been actually yielded.''

In the recent case of *Peterson* v. *Grieger, Inc.*, 57 Cal.2d 43, 56 [17 Cal.Rptr. 828, 367 P.2d 420], the Supreme Court in an action for damages sustained by a minor bicyclist when he was struck by an automobile declared, ''Defendant also contends that since the plaintiff apparently did not observe the automobile until it was in the center of the street and moving, plaintiff was chargeable with contributory negligence as a matter of law. But 'before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.' (*Balthrop* v. *Atchison T. & S. F. Ry. Co.*, 167 Cal.App.2d 437, 441 [334 P.2d 1041].) Furthermore, plaintiff was a minor, and '[i]n determining whether a minor has been guilty of contributory negligence as a matter of law, a much more lenient rule in favor of the minor is applied than applies to adults.' [Citing cases.]''

In *Francis* v. *City & County of San Francisco*, 44 Cal.2d 335 [282 P.2d 496], wherein a judgment for the defendant was reversed, it is said, at pages 339-340:

"It is usually a question for the jury and not for the court whether a pedestrian has used due care in crossing the street and in making the decision that he can cross with safety. There is no rule of law that irrespective of existing circumstances a pedestrian must look 'continuously' or be arbitrarily adjudged guilty of contributory negligence. [Citing cases.]

"Neither the pedestrian nor the driver of an automobile has a superior right to the use of the street. (*Burgesser* v. *Bullocks*, 190 Cal. 673, 675 [214 P. 649].) Each must exercise the care required of a reasonable and prudent person under the existing circumstances. Even where a right of way is given by statute, if conditions so require it to avoid injury to others, the right of way must be yielded. No general rule may be laid down which will fit all circumstances as to the duty of care required of a pedestrian in crossing a street."

Defendants rely largely upon two cases wherein the trier of fact was reversed and it was held on appeal that the plaintiff was contributorily negligent as a matter of law. (*Meincke* v. *Oakland Garage, Inc.*, 11 Cal.2d 255 [79 P.2d 91]; *Leek* v. *Western Union Tel. Co.*, 20 Cal.App.2d 374 [66 P.2d 1232].) Both cases are readily distinguishable from the cases before us. In the first place, they do not involve a minor plaintiff and, as was emphasized in *Ross* v. *San Francisco Unified School Dist.*, 120 Cal.App.2d 185, 190 [260 P.2d 663], and the two cases therein cited, a determination that a minor plaintiff was guilty of contributory negligence as a matter of law is rarely justified.

It also should be noted that in the *Meincke* case the pedestrian was "jaywalking" across the middle of a highway at 1 a. m., and in the *Leek* case the pedestrian was stepping onto a street heavy with traffic while the "go" signal was on for vehicles. Both of these cases have been distinguished in subsequent cases.

Defendants' second contention is the trial court erred in striking defendants' interrogatories.

The facts relevant to this contention as they occurred are as follows: Defendants took the depositions of plaintiff on November 11, 1958, and of Marvin Thomas Irving, a companion of plaintiff, on January 15, 1959. The case came on for pretrial on October 19, 1959, at which time the parties executed a joint pretrial statement which was incorporated by refer-

ence into the pretrial order. Among other things, the joint pretrial statement represented "all discovery proceedings have been completed."

Subsequently, plaintiff moved for a modification of the pretrial order to amend the complaint to show the prayer for general damages as $50,000 instead of the original $20,000. Defendants opposed the motion but moved in the alternative that defendants be permitted "to engage in such further discovery as is necessary to ascertain the truth or falsity of plaintiff's claims." Both motions were granted by the pretrial judge on February 15 and the trial date was set for April 5, 1960.

Defendants thereafter served plaintiff with 55 written interrogatories on or about February 19, 1960. Plaintiff served and filed a notice of hearing of objections to interrogatories supported by affidavit on or about March 16, 1960. There was no extension of time, by stipulation or otherwise, to answer or object to interrogatories. The department of the trial court hearing discovery matters, upon hearing the objections, ruled in favor of plaintiff using the following language: "Objections sustained and it is ordered that the plaintiff [is] not required to answer interrogatories filed Feb. 25, 1960, on condition that defendant may pursue additional discovery proceedings on further order of the Court for good cause shown in the event the trial date is continued from April 5, 1960."

On defendant's motions the trial date was continued from April 5 to June 3, 1960, and from June 3 to August 19, 1960. No further discovery proceedings were pursued by defendants. No review of the discovery ruling of March 28, 1960 was sought by writ of mandamus or otherwise by defendant. The cause was tried on and after August 19, 1960, which was more than four months later.

The crux of defendants' argument is that the order of the court on the discovery matter was an abuse of its discretion which deprived defendants of an essential means required for the proper preparation of its case.

It should be noted that 48 of the 55 interrogatories propounded by defendant were standard printed form or "boiler plate" type which are often used by law firms handling a large volume of personal injury actions. Some of the questions had no relation to any issue in the case; many of them, as indicated in the briefs, had already been asked and answered in the deposition of plaintiff. It is understandable that trial courts, when faced with reviewing a multitude of printed

form interrogatories, many of which have no relevance to the subject matter of the action, on occasion lose patience with such practices. They constitute an abuse of the discovery procedure. They are an imposition upon the witness being interrogated and upon opposing counsel. In addition, it is an unwarranted trespass upon the time of the courts and other litigants. Illustrative of the approach which such form interrogatories take is one of the questions asked in this case of this 18-year-old plaintiff who was 16 years old at the time of the accident:

"11. With reference to gainful employment please state:

(a) The names and addresses of all your employers for the 10 years prior to the date hereof."

It is difficult to determine the relevancy of this young man's employment at least until he attained high school age.

The subject of exercise of discretion by a trial court in discovery matters has been exhaustively treated in the recent Supreme Court case, *Greyhound Corporation* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]. In that decision certain general rules were formulated for allowing the proper exercise of discretion in all discovery cases, at pages 382-384. They provide in part that the trial courts in exercising their discretion should keep in mind that the Legislature has suggested that, where possible, the courts should impose partial limitations rather than outright denial of discovery.

 Viewed in the light of these rules, under ordinary circumstances it would have been error for the trial court to have sustained objections to all of the interrogatories propounded. Some of the questions were proper and not objectionable. However, here the court was asked to rule on objections to 55 interrogatories, mostly form questions utilized in preliminary discovery proceedings, on March 28 which was then eight days prior to the date of trial.

From the wording of the order, the reference therein to the proximity of the date of trial and the opening of the door to the propounding of further interrogatories should the trial date be deferred, it is apparent that the court felt that the propounding of such interrogatories at that time was an abuse of the discovery process.

 The Supreme Court in *West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 415 [15 Cal.Rptr. 119, 364 P.2d 295], cited as stating the proper rule *Ryan* v. *Superior Court,* 186 Cal.App.2d 813 [9 Cal.Rptr. 147], as

628

follows: " 'One of the prime purposes of the Discovery Act is to expedite the trial of the action. This purpose will be defeated if appellate courts entertain petitions for prerogative writs by which a review of the orders of trial courts in discovery proceedings are sought and which do not clearly demonstrate an abuse of discretion by the trial court where discovery is denied, or a violation of privilege or of the provisions of section 19 of article I of the Constitution of this state where discovery is granted. This court will hereafter refuse to entertain petitions for prerogative writs in discovery matters which do not allege facts which would entitle the petitioner to the relief sought under the principles we have set forth.' "

Such conclusion was reached in *Heffron* v. *Los Angeles Transit Lines,* 170 Cal.App.2d 709 [339 P.2d 567, 74 A.L.R.2d 526], on similar circumstances. The *Heffron* case was recently cited by the Supreme Court in *Greyhound Corporation* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266], at p. 379, as a correct statement of the law on the issue of discretion of the trial court in discovery matters, quoting from page 713, "Without reasonable judicial control, the instruments of discovery are susceptible to abuse and may be utilized for purposes of delay, annoyance and harassment. If a reasonable control is exercised, the salutary purposes of discovery will be served, abuses will be prevented and undue interference with orderly procedures will be avoided."

 We conclude under the circumstances present in the case before us it was not an abuse of discretion for the court to have sustained the objections to the interrogatories propounded in the form in which, and at the time, they were propounded. Even assuming that the ruling striking the interrogatories was error, as defendants urge, it was not prejudicial because the defendants had ample opportunity to comply with the court's open invitation to "pursue additional discovery proceedings on further order of the court for good cause shown in the event the trial date is continued from April 5, 1960." Two continuances were subsequently granted defendants extending the ultimate trial date to August 19, 1960. Defendants failed to avail themselves of the opportunity accorded to them to present a proper set of interrogatories.

 It is true nonappealable orders such as those in discovery proceedings may be reviewed on appeal after a final judgment has been entered in the case in chief. (Code Civ. Proc., § 956; *Southern Pacific Co.* v. *Oppenheimer,* 54 Cal.2d

784 [356 P.2d 441].) However, appellate courts are much more reluctant to overturn the judgment of a trial court after the full trial of the action because of a procedural error unless such error is so prejudicial it constitutes a miscarriage of justice. This reluctance of appellate courts is based on the well-established rule of law contained in the California Constitution, article VI, section 4½: "No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

As to the lateness of plaintiff in filing objections to the interrogatories of defendants the same rules of law stated above apply. If such breach of procedure was felt to have been sufficiently prejudicial it should have been raised by defendants by writ of mandamus which is a proper method of review of discovery proceedings. (*Carlson* v. *Superior Court*, 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308].) Since defendants elected to sit on their rights, the hearing of objections filed after the statutory period, if error, was not prejudicial. (Cal. Const., art. VI, § 4½.)

For the foregoing reasons, the judgment of the trial court is affirmed.

Jefferson, J., and Balthis, J., concurred.