[Civ. No. 53932. Second Dist., Div. Two. Jan. 2, 1979.]

MARIA RIVERA, Plaintiff and Appellant, v.
LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al.,
Defendants and Respondents.

## Counsel

Lemaire, Faunce & Katznelson and Mark Ellis Singer for Plaintiff and Appellant.

John H. Larson, County Counsel, and Halvor S. Melom, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**BEACH, J.**—Maria Rivera appeals from an order denying her motion for preliminary injunction. Appellant had held the position of eligibility worker II with the Los Angeles County Department of Public Social Services (DPSS); she had also been a client of DPSS and a recipient of public social services from aid to families with dependent children (AFDC). Appellant alleged that on May 16, 1975, she received a notice of discharge from her position; the discharge was based on the allegation that she had accepted overpayments as a recipient of funds from DPSS under the AFDC program.[1]

The complaint for injunction further alleged that appellant made a timely request for a hearing to the civil service commission. In June 1977, a discharge hearing was held before a civil service commission hearing officer. Appellant's representative, relying on Welfare and Institutions Code section 10850, moved that the applications and records

---

[1] In a declaration filed by appellant and considered by the court below, appellant alleged that she was notified on May 22, 1975, that DPSS had determined she was overpaid in the amount of $289 and that she had a right to request a fair hearing. She stated that she contacted a man in the internal affairs department who told her to disregard the letter and not contact the welfare investigator for DPSS. He said that the internal affairs department would resolve the whole matter and not to worry about her job. She contends that she did not waive her right to a fair hearing but did not go through with that procedure because of representations made by the internal affairs department and other employees of DPSS. Appellant further declares that there were facts she could have raised at the fair hearing that would have clarified the circumstances regarding the alleged overpayment and would have established that she was in fact underpaid.

concerning appellant as a client of DPSS were confidential and that those records should not be examined in the course of the civil service commission hearing. The commission hearing officer decided that the code section did not prohibit the use of the records in a hearing involving appellant's status as an employee of DPSS. This ruling was affirmed by the Los Angeles County Civil Service Commission. Appellant sought an injunction to restrain the use of confidential records; but the trial court, although recognizing that it was a close question, denied the injunction. The court also stayed proceedings.

CONTENTIONS ON APPEAL:

1. Welfare and Institutions Code section 10850 prohibits revelation of the records of any individual who receives public social services under a program for which grants-in-aid are received from the United States government for purposes not directly connected to the administration of that program.

2. Use of appellant's own recipient record in her civil service discharge hearing is not a purpose directly related to the administration of the program for which she received aid.

3. Appropriate procedures exist for the determination of the question of appellant's alleged overpayment. The results of such a procedure could be utilized, if necessary, at a civil service discharge hearing thereby precluding the need for the revelation of confidential documents at the discharge hearing.

4. Appellant's right of equal protection as guaranteed under the United States and California Constitutions will be violated if Welfare and Institutions Code section 10850 is interpreted as to allow the examination and utilization of appellant's own recipient records in her discharge hearing.

5. An injunction may issue when an otherwise valid law is being invalidly, improperly, or unconstitutionally applied.

DISCUSSION:

1. *Appellant's situation falls within an exception of Welfare and Institutions Code section 10850; her records are not entitled to confidentiality under this section.*

Effective September 20, 1975, the pertinent part of Welfare and Institutions Code section 10850 provided: "Except as otherwise provided in this section, all applications and records concerning any individual made or kept by any public officer or agency in connection with the administration of any provision of this code relating to any form of public social services for which grants-in-aid are received by this state from the United States government shall be confidential, and shall not be open to examination for any purpose *not directly connected with the administration of any such program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program. . . .*"[2] (Italics added.)

Appellant claims that her circumstances do not fall within the categories of "directly connected with the administration of any such program," or "any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program." She argues that "administration" relates to those activities and procedures geared towards establishing eligibility, determining amounts of assistance, and providing services and that "administration" does not apply to internal personnel matters not premised on the employee's performance as a provider of public social services.

An eligibility worker II is responsible for independently making "initial and continuing eligibility and grant determinations . . . ." The administration of the program would definitely be affected if the eligibility worker herself is knowingly receiving overpayments from the DPSS. The opinion of the hearing officer at the civil service commission saw this obvious nexus between what one does as a recipient and what one does as an eligibility worker who administers the program of aid and assistance. (Compare *Sinacore v. Superior Court,* 81 Cal.App.3d 223, 227 [146 Cal.Rptr. 302], where the court decided that the Kern County

---

[2] The 1975 amendment substituted "program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program" for "public social service . . . ." (Deering's Cal. Code Ann., 1978 Pocket Supp.) A 1977 amendment added inter alia "The provisions of this section shall be operative only to the extent permitted by federal law."

Welfare Department should not reveal the records of a recipient for whose wrongful death the minor plaintiff sued. That information was sought as relevant to the issue of damages, the deprivation of society, comfort and protections of the deceased for the minor plaintiff. See also *County of Riverside* v. *Superior Court,* 42 Cal.App.3d 478 [116 Cal.Rptr. 886], relied upon by appellant but also inapplicable to the case at bench. Similarly, *Mace* v. *Jung* (Alaska) 386 P.2d 579, does not relate to administration of a welfare program.)

2. *The fair hearing procedures of Welfare and Institutions Code section 10950 are not a prerequisite to a discharge hearing by the civil service commission alleging overpayment of AFDC benefits.*

Welfare and Institutions Code section 10950 provides that a dissatisfied recipient of public social services shall "upon filing a request with the department, be accorded an opportunity for a fair hearing." ■ Appellant contends that the question of the alleged overpayment should have been determined at that fair hearing and that the result of that proceeding could be utilized, if necessary, at the civil service discharge hearing. In that way, the need for the revelation of confidential documents at the discharge hearing would purportedly be precluded.

Even assuming arguendo that appellant was improperly precluded from having a fair hearing pursuant to section 10950, she has cited no persuasive authority that that fair hearing is a prerequisite to the civil service commission hearing at which we hold her otherwise confidential documents may be used. She has not even specifically outlined the safeguards that purportedly would be present at the fair hearing procedure but not at the civil service commission hearing. Neither has she told this court why she considers the fair hearing procedure to be the "proper forum" for use of recipient records. The fact that they could be used first in the fair hearing procedure under section 10950 does not mean that they must be.

3. *Application of the exception in Welfare and Institutions Code section 10850 to appellant as eligibility worker-recipient does not violate her right of equal protection under the United States or California Constitutions.*

■ Appellant contends that under either the "rational relation" test or the "strict scrutiny" test, applying section 10850 of the Welfare and

Institutions Code to her violates her rights of equal protection. We disagree.

As discussed above, there was a very rational relation involved in using otherwise confidential records when they are "directly connected with the administration" of the program or are used for a purpose "directly connected with the administration of any such program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program." And even assuming without deciding that appellant has a fundamental interest in her privacy and that therefore the strict scrutiny test applies, there is a compelling state interest involved when the otherwise confidential records are directly connected with the administration of the program, which they are when an eligibility worker is involved. Absent an admission or confession, there is little other way to prove a misstatement by the employee-recipient. And the danger of continuing employment if the eligibility worker-recipient has been cheating the system is great.

The order denying the preliminary injunction is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 28, 1979.