Filed 7/27/22  Stavros v. Etiwanda School Dist. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| HIEU STAVROS, | |
| Plaintiff and Appellant, | E074497 |
| v. | (Super.Ct.No. CIVDS1620304) |
| ETIWANDA SCHOOL DISTRICT et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Hieu Stavros, in pro. per., for Plaintiff and Appellant.

Cummings, McClorey, Davis, Acho & Associates and Ryan D. Miller for Defendants and Respondents.

## I.  INTRODUCTION

In September 2016, Hieu Stavros (plaintiff) was terminated from her employment as an instructional aide at an elementary school within the Etiwanda School District (the District).  In December 2016, she filed a civil complaint against the District as well as the principal of the elementary school, Ben Lautenslager (collectively, defendants), alleging causes of action for wrongful termination, whistleblower retaliation, denial of a name clearing hearing, breach of contract, and defamation.  According to the complaint, defendants used a false report of suspected child abuse as a pretext for termination of her employment.

The trial court granted two separate motions for summary adjudication that ultimately disposed of all causes of action alleged in the complaint, and judgment was entered in favor of defendants.  In this appeal, plaintiff does not claim the trial court erred in granting summary adjudication on any of the causes of action actually alleged in her complaint.  Instead, plaintiff's entire appeal argues that during the course of litigation, defendants wrongfully disclosed the report of suspected child abuse related to the termination of her employment.  According to plaintiff, defendants' acts of disclosure constituted a violation of Penal Code[1] section 11167.5[2] and improperly influenced the trial court proceedings.

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The statute is part of California's Child Abuse and Neglect Reporting Act (CANRA), which "sets forth several different reporting requirements once child abuse or neglect is suspected."  (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 178;

*[footnote continued on next page]*

As a result of defendants' alleged violation of section 11167.5, plaintiff requests that this court: (1) reverse the judgment; (2) order the district attorney to investigate the alleged misconduct by defendants; and (3) order that defendants bear all costs related to her suit. We conclude that defendants' alleged violation of section 11167.5, even if true, would not warrant reversal of the judgment, and this court is without authority to issue the other orders requested by plaintiff. Accordingly, we deny each of plaintiff's requests on appeal and affirm the judgment.

## II. FACTS AND PROCEDURAL HISTORY

On December 2, 2016, plaintiff filed a civil complaint against defendants. Plaintiff alleged she was terminated from her employment as an instructional aide on September 16, and defendants used a false accusation of child abuse as a pretext for her termination. As a result, plaintiff alleged causes of action for (1) wrongful termination due to disability discrimination; (2) whistleblower retaliation; (3) denial of a name clearing hearing regarding a false accusation of child abuse; (4) breach of contract; and (5) defamation.

On December 28, 2016, plaintiff received a phone call from defense counsel. Defense counsel requested that plaintiff dismiss her suit and indicated that defendants had possession of a CANRA report in support of their position that plaintiff was terminated as the result of a report of child abuse. Plaintiff believed that disclosure of a CANRA report

§ 11164 et seq.) Section 11167.5, subdivision (a), provides that any reports made under the statutory scheme "shall be confidential"; that any such reports may be disclosed only as provided for in the statute; and that a violation of the confidentiality provisions constitutes a misdemeanor.

3

was a crime and requested the trial court refer the matter to the district attorney to investigate defendants' purported violation of the confidentiality provisions of section 11167.5. The trial court denied the request.

On November 8, 2018, defendants filed a motion for summary judgment or, in the alternative, summary adjudication of each cause of action set forth in the complaint. On December 14, plaintiff filed a motion for leave to amend her complaint. Plaintiff's motion referenced defendants' purported violation of section 11167.5 and alluded to a potential claim for intentional infliction of emotional distress. However, the proposed amended complaint submitted with plaintiff's motion did not contain any factual allegations referencing a violation of section 11167.5 and did not add any new causes of action.

The trial court heard defendants' motion for summary adjudication and plaintiff's motion for leave to file an amended complaint on the same day in January 2019. It granted summary adjudication in favor of defendants on all causes of action except the cause of action for whistleblower retaliation. The trial court also denied plaintiff's request for leave to amend but did not specify its reasons for doing so.

Trial commenced in September 2019. On the second day of trial, defendants moved for summary adjudication of the remaining cause of action for whistleblower retaliation based upon the trial court's prior orders on motions in limine. Plaintiff waived notice and stipulated that defendants' request for summary adjudication should be heard. The trial court granted summary adjudication on the remaining cause of action, and judgment was entered on November 8.

4

## III.  DISCUSSION

*A.  Scope of Appellate Review*

Generally, the "scope of appellate review is limited to issues adequately raised and supported in appellant's brief." (*TME Enterprises*, *Inc. v. Norwest Corp.* (2004) 124 Cal.App.4th 1021, 1038; see *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.) " 'Even when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief.  [Citations.]  Issues not raised in an appellant's brief are deemed waived or abandoned." ' " (*Golden Door Properties*, *LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 555.)

Here, judgment was entered after the trial court granted summary adjudication in favor of defendants on each cause of action alleged in the complaint.  On appeal, plaintiff has not raised any claim of error with respect to the trial court's grant of summary adjudication on the causes of action actually alleged in the complaint.  Accordingly, plaintiff has abandoned any claim of error with respect to entry of judgment on these causes of action, and review of such matters is beyond the scope of this appeal.

Instead, we address only plaintiff's specific claims that defendants' purported violation of section 11167.5 warrants:  reversal of the judgment, an order directing the district attorney to investigate the allegations, and an order directing defendants pay plaintiff's costs.  As we explain, a violation of section 11167.5, even if true, would not warrant any of the relief plaintiff has requested on appeal.

5

*B. Defendants' Alleged Violation of Section 11167.5 Does Not Warrant Reversal of the Judgment*

While plaintiff's arguments are far from clear, she generally argues that defendants' purported violation of section 11167.5 requires reversal of the judgment. We conclude that, even if true, such allegations were outside the scope of the pleadings and, therefore, could not have formed the basis of a successful opposition to summary adjudication. We further conclude that, even if plaintiff had amended the complaint to include such allegations, the litigation privilege would have barred plaintiff from seeking liability on this basis. Thus, defendants' purported violation of section 11167.5 does not afford any basis to reverse the judgment in this case.

1. <u>Summary Adjudication Cannot Be Opposed Based Upon Theories Not Alleged in the Complaint</u>

In this case, judgment was entered after the trial court granted two motions for summary adjudication that effectively disposed of all of the causes of action alleged in the complaint. Generally, the rules pertaining to resolution of a summary judgment motion equally apply to motions for summary adjudication. (Code Civ. Proc., § 437c, subd. (f)(2) [A motion for summary adjudication "shall proceed in all procedural respects as a motion for summary judgment."].) On appeal, we "determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law," and we apply "the same three-step analysis as the trial court." (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206.) We "(1) identify the issues framed by the pleadings, (2) determine whether the moving party has established facts

6

justifying judgment in its favor, and (3) determine whether the nonmoving party has demonstrated a triable issue of material fact." (*Id.* at pp. 1206-1207.)

Here, we need not go beyond the first step. In determining the issues framed by the pleadings, it is apparent that the operative complaint did not seek liability based upon defendants' purported violation of section 11167.5. Plaintiff filed her complaint on December 2, 2016, alleging various causes of action arising from the termination of her employment. There are no allegations referencing section 11167.5 anywhere in the pleading, nor are there any factual allegations suggesting liability on any cause of action was premised upon the wrongful disclosure of a CANRA report. According to plaintiff's own recitation of the facts, she did not learn of defendants' alleged disclosure until she received a phone call from defense counsel on December 28, 2016. Clearly, even when liberally construed, the complaint cannot be read to include a factual basis for liability admittedly unknown to plaintiff at the time she filed her complaint.

Because the complaint contains no allegations that would suggest liability based upon a violation of section 11167.5 or disclosure of the CANRA report, the issue was not material to resolution of summary adjudication on any cause of action. " 'The pleadings delimit the issues to be considered on a motion for summary judgment.' . . . '[A] defendant moving for summary judgment need address only the issues raised by the complaint; the plaintiff cannot bring up new, unpleaded issues in his or her opposing papers.' " (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253.) Thus, "summary judgment cannot be *denied* on a ground not raised by the pleadings." (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663.) Nor is it

appropriate to reverse a trial court's grant of summary judgment on a theory that was not pleaded. (*Vulk v. State Farm General Ins. Co.* (2021) 69 Cal.App.5th 243, 263 [A plaintiff "cannot obtain reversal of the trial court's summary judgment ruling" on a theory not alleged in complaint.].)

Plaintiff never successfully amended her complaint prior to summary adjudication.[3] As a result, even if plaintiff could prove that defendants violated section 11167.5, it would not justify reversal of the judgment. Her original complaint remained the operative pleading, and an alternative theory of liability based upon defendants' purported violation of section 11167.5 could not have formed the basis of a successful opposition to summary adjudication on any cause of action.[4]

---

[3] The record suggests that plaintiff attempted to amend her pleading on three occasions prior to the first summary adjudication hearing. Initially, plaintiff attempted to file a supplemental complaint in March 2018, but the document was rejected for failing to seek leave of court. Plaintiff also filed motions for leave to file a supplemental complaint in April 2018 and June 2018. However, both motions were denied without prejudice due to plaintiff's failure to file a declaration identifying the proposed changes or the intended purpose and effect of any proposed change.

[4] This same rationale would also preclude reversal of the judgment to the extent plaintiff asserts the trial court erred with respect to rulings pertaining to discovery or evidentiary objections. While "[a] discovery order may be reviewed on appeal from the final judgment on the merits. . . . The judgment will not be reversed unless the error is so prejudicial that it constitutes a miscarriage of justice." (*County of Nevada v. Kinicki* (1980) 106 Cal.App.3d 357, 363.) Likewise, " 'an appellant who seeks a reversal based on the erroneous exclusion of evidence in summary judgment proceedings must establish how the error resulted in a "miscarriage of justice," often referred to as prejudice.' " (*Hooked Media Group, Inc. v. Apple Inc.* (2020) 55 Cal.App.5th 323, 337.) Because defendants' purported violation of section 11167.5 was not alleged in the complaint and, therefore, outside the scope of issues material to summary adjudication, plaintiff could not have been prejudiced by any inability to conduct discovery or present evidence on that issue. Even if she had been permitted to conduct discovery on that issue and

*[footnote continued on next page]*

2. The Trial Court Was Not Required To Grant Leave To Amend the Complaint Under the Circumstances

We acknowledge that plaintiff attempted to amend her complaint at the time of the hearing on defendant's first motion for summary adjudication, and the trial court denied her request. The reasons for the trial court's denial are unclear from the record. Nevertheless, we conclude that the denial of plaintiff's request for leave to amend could not have been an abuse of discretion under the circumstances. Nor could plaintiff have suffered prejudice warranting reversal of the judgment.

"[A] request for leave to amend a complaint need not be made before a hearing on a motion for summary judgment; rather, it may be made at the hearing or any time before entry of judgment." (*Prue v. Brady Co./San Diego*, *Inc.* (2015) 242 Cal.App.4th 1367, 1385.) "A trial court has wide discretion to allow the amendment of pleadings, and generally courts will liberally allow amendments at any stage of the proceeding. [Citation.] On a motion for summary judgment ' "[w]here the complaint is challenged and the facts indicate that a plaintiff has a good cause of action which is imperfectly pleaded, the trial court should give the plaintiff an opportunity to amend." ' " (*Falcon v. Long Beach Genetics*, *Inc.* (2014) 224 Cal.App.4th 1263, 1280.)

Initially, we observe that a judgment cannot be set aside absent prejudice warranting a miscarriage of justice (Cal. Const., art VI, § 13), and the denial of plaintiff's

---

presented evidence in opposition to summary adjudication, any such evidence would have been disregarded. (*Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 444 [" 'Evidence offered on an unpleaded claim, theory, or defense is irrelevant because it is outside the scope of the pleadings.' "].)

9

request to file an amended complaint could not have prejudiced plaintiff under the circumstances presented in this case. Here, while plaintiff's motion seeking leave to amend accused defendants of violating section 11167.5 and suggested such acts could support a claim for intentional infliction of emotional distress, the proposed amended complaint submitted with the motion did not include any of these factual allegations or any causes of action in addition to those already alleged in the original complaint. Thus, even if plaintiff had been given leave to file her proposed amended complaint, under that proposed pleading, defendants' purported violation of section 11167.5 was still immaterial and could not have formed the basis of any successful opposition to summary adjudication on any cause of action.

Additionally, even if plaintiff's proposed amended pleading had included the allegations set forth in her motion seeking leave to amend, the denial of leave to amend would not have constituted an abuse of discretion. "[I]f the proposed amendment fails to state a cause of action, it is proper to deny leave to amend." (*Falcon v. Long Beach Genetics*, *Inc.*, *supra*, 224 Cal.App.4th at p. 1280; see *Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000-1001 [" '[L]eave to amend should *not* be granted where, in all probability, amendment would be futile.' "]; *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746 ["Leave to amend is properly denied when the facts are undisputed and as a substantive matter no liability exists under the plaintiff's new theory."].) As we explain, even if true, defendants' purported violation of section 11167.5 could not form the basis of a viable cause of action under any theory.

10

California law recognizes that communications made in the course of a judicial proceeding are privileged. (Civ. Code, § 47, subd. (b).) "The principal purpose of [the privilege] is to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.) "To effectuate its vital purposes, the litigation privilege is held to be absolute in nature" (*id.* at p. 215), and the California Supreme Court has "repeatedly stated that the litigation privilege bars all tort causes of action except malicious prosecution" (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 960). "The privilege 'applies to any publication required or permitted[5] by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved.' [Citations.] 'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.' " (*Jacob B.*, at p. 955.)

Here, defendants and their attorney of record were participants in a judicial proceeding. Discussions between defendants and their attorney of record; defense

---

**5** The phrases "permitted by law" and "authorized by law," in this context, refer to the general category of communication being made and not the content of the communication. (*Jacob B. v. County of Shasta*, *supra*, 40 Cal.4th at pp. 958-959.) Thus, our Supreme Court has held that, even if the content of a communication is protected by statutory confidentiality laws, the litigation privilege will still apply if the communication was of a type normally "permitted" or "authorized" in a judicial proceeding. (*Ibid.* [letter by county victim witness program employee to juvenile court disclosing statutorily protected information falls within litigation privilege].)

11

counsel's communication with plaintiff requesting dismissal; and the submission of declarations in support of a motion were all communications made in the course of that judicial proceeding. Finally, plaintiff explicitly alleged that defendants relied on a false report of child abuse as a pretext for terminating her employment. Thus, communications involving such a report would clearly be relevant to the litigation and, specifically, a valid defense to the very claims asserted by plaintiff in the litigation. Thus, this case presents all of the elements necessary for the application of the litigation privilege and, even if true, plaintiff could not have relied upon her allegations of a wrongful CANRA disclosure as a basis for liability under any theory.

The trial court's denial of leave to amend could not have prejudiced plaintiff where the proposed amended complaint did not actually contain any new cause of action or new factual allegations different from the original complaint. Further, even if plaintiff had included the allegations she now relies upon on appeal, the trial court would not have abused its discretion in denying leave to amend because such allegations could not support a viable cause of action in the context of this case.

3. Plaintiff's Reliance on *Cuff* Is Misplaced

On appeal, plaintiff appears to suggest that the judgment should be reversed because *Cuff v. Grossmont Union High School Dist.* (2013) 221 Cal.App.4th 582 (*Cuff*) stands for the proposition that a civil litigant may enforce a violation of section 11167.5. According to plaintiff, the Court of Appeal in *Cuff* concluded that a cause of action existed "solely on the basis of the illegal release of the [CANRA] form." We disagree.

12

In *Cuff*, a school counselor prepared a mandated CANRA report and provided a copy of the report to a noncustodial parent in violation of section 11167.5. (*Cuff*, *supra*, 221 Cal.App.4th at p. 586.) The noncustodial parent then used the report to initiate a legal proceeding to seek custody of his children. (*Id.* at p. 586.) The custodial parent filed a civil complaint against the school counselor and school district for invasion of privacy, and the trial court granted summary judgment in favor of the defendants based upon a defense of statutory immunity. (*Id.* at p. 587.) The Court of Appeal reversed, holding that none of the statutory provisions invoked by defendants afforded immunity under the circumstances presented. (*Id.* at p. 588.) As we explain, *Cuff* is distinguishable on multiple levels.

First, *Cuff* is procedurally distinguishable because the plaintiff in *Cuff* actually alleged a cause of action for invasion of privacy based upon the defendants' violation of section 11167.5. (*Cuff*, *supra*, 221 Cal.App.4th at p. 587.) Thus, the defendants' violation of section 11167.5 was directly material to the cause of action challenged on summary judgment. *Cuff* does not stand for the proposition that a violation of section 11167.5 requires reversal of a judgment where the act was never alleged as a basis for liability in the complaint.

Second, *Cuff* is legally distinguishable because the decision in that case considered whether specific statutes provided an immunity defense to a cause of action premised upon a violation of section 11167.5. (*Id.* at pp. 589-595.) Specifically, the defendants' asserted claims of immunity were based upon Penal Code section 11172; Education Code section 49076; and Government Code 820.2. (*Ibid.*) The Court of Appeal in *Cuff* did not

13

examine the sufficiency of the plaintiff's allegations or evidence in support of the plaintiff's cause of action.[6]  (*Id.* at pp. 595-597.)  " 'An opinion is not authority for propositions not considered.' "  (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680; see *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 243.)  Thus, other than its determination that specified statutes do not afford immunity, *Cuff* cannot be read for the proposition that a violation of section 11167.5 will always give rise to civil liability or the proposition that other defenses will not apply.

Finally, even if plaintiff had pleaded a cause of action for invasion of privacy premised upon a violation of section 11167.5 as alleged in *Cuff*, the facts of this case would lead to a different result.  As we have already explained, the facts of this case show that plaintiff would be barred by the litigation privilege from asserting liability based upon defendants' alleged disclosure.  In contrast, the defendants in *Cuff* were not parties to any pending litigation at the time of the alleged violation of section 11167.5, were not parties to the family law proceeding initiated in reliance on the CANRA report they disclosed, and the school counselor acknowledged that she did not release the report for the purpose of supporting any claim in pending litigation.  (*Cuff, supra,* 221 Cal.App.4th at p. 586.)  Thus, the elements necessary to support the application of the litigation privilege were not present in *Cuff*, and the facts of this case would dictate a different outcome.

---

[6] Instead, the Court of Appeal affirmed denial of a motion for summary judgment brought by the plaintiff on purely procedural grounds, holding that the plaintiff's motion was untimely.  (*Cuff, supra,* 221 Cal.App.4th at pp. 595-597.)

14

For the reasons set forth, we disagree with plaintiff's contention that *Cuff* requires reversal of the judgment. Affirming the grant of summary adjudication in favor of defendants in this case, as well as the trial court's denial of plaintiff's request for leave to amend, does not conflict with any principal set forth in *Cuff*.

C. *The Courts Do Not Have Authority To Order the District Attorney To Conduct a Criminal Investigation or Prosecution*

We also decline plaintiff's request to issue an order requiring the district attorney to investigate her claims that defendants violated section 11167.5.[7] Plaintiff claims that this court is empowered to issue a "Writ of Mandamus to the District Attorney requesting reasons in writing why they are not prosecuting a case that has a duly filed police report, an investigation from a sheriff's detective, and a signed confession." Plaintiff is mistaken. Neither this court nor the trial court has authority to issue such an order.

" 'The California Constitution establishes a system of state government in which power is divided among three coequal branches . . . ,and further states that those charged with the exercise of one power may not exercise any other. (Cal. Const., art. III, § 3).' [Citation.] This division of power ' " ' " 'limits the authority of one of the three branches of government to arrogate to itself the core functions of another branch.' " ' " ' [Citation.] Through this limitation, we 'avoid both the "concentration of power in a

---

[7] While we have expressed the opinion that the litigation privilege would have precluded civil liability for a violation of section 11167.5 in this case, it would not preclude a criminal prosecution for violation of that statute. (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1245 ["[T]he litigation privilege does not bar certain government actions, including criminal prosecutions and regulatory actions brought pursuant to state statutes."].)

single branch of government," and the "overreaching" by one branch against the others.' " (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 252.)

In this system, "our state constitution delegates the prosecutorial function to the executive branch, which is represented by the district attorney." (*People v. Cortes* (1999) 71 Cal.App.4th 62, 79.) " '[T]he prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring.' " (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 552.) This discretion "generally is not subject to judicial supervision." (*People v. Parmar* (2001) 86 Cal.App.4th 781, 793.) As a result, " '[n]o private citizen, however personally aggrieved, may institute criminal proceedings independently [citation], and the prosecutor's own discretion is not subject to judicial control at the behest of persons other than the accused.' " (*Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1545-1546, italics omitted.)

Thus, it is the prosecuting authority, exercising its executive functions, that has the discretion to decide what crimes to investigate and prosecute. It is beyond the power of the courts to order the district attorney to investigate or prosecute any specific crime, and any such order would represent an unconstitutional encroachment on the core functions of a separate and coequal branch of government. Even if defendants' actions could be

16

considered a violation of section 11167.5, it is beyond the power of this court to direct the district attorney to investigate or initiate a criminal proceeding of that conduct.**8**

D. *Plaintiff Is Not Entitled to Costs*

Finally, we deny plaintiff's request for an order requiring defendants to bear "the entirety of the cost of litigation up to this point." The award of costs in a civil proceeding is governed by statute, and neither this court nor the trial court have the discretion to award plaintiff costs in a manner at variance with that required by statute.

"A costs award is generally reviewed on appeal for abuse of discretion. [Citation.] '. . . However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized.' [Citation.] '[W]hen the issue to be determined is whether the criteria for an award of costs has been satisfied, and that

---

**8** Similar considerations also require us to reject any suggestion that the trial court should have done more to prevent defendants' alleged violation of section 11167.5. The Legislature has specifically limited the trial court's ability to address alleged criminal acts in the context of a civil proceeding, expressly providing that "[n]either specific nor preventive relief can be granted . . . to enforce a penal law, except in a case of nuisance or as otherwise provided by law." (Civ. Code, § 3369.) This statute is " 'the expression of the fundamental rule that courts of equity are not concerned with criminal matters and they cannot be resorted to for the prevention of criminal acts, except where property rights are involved.' " (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1130.) As a result, even if the trial court were of the opinion that defendants' actions constituted a violation of section 11167.5, it had no authority to issue orders for the purpose of enforcing that statute. (*Id.* at p. 1137.) Such an act would have exceeded its jurisdiction in the context of plaintiff's civil proceeding. (*People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 125 [" 'Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis*, are in excess of jurisdiction . . . .' "].) Thus, to the extent plaintiff suggests that the trial court should have done something independently to enforce the provisions of section 11167.5, we find no merit in this claim.

issue requires statutory construction, it presents a question of law requiring de novo review.' " (*Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 399.)

Code of Civil Procedure section 1032, subdivision (b), provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." The statute specifically provides that a defendant is the prevailing party as against a plaintiff who fails to recover any relief against that defendant. (Code Civ. Proc., § 1032, subd. (a)(4); *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147.) This statute controls in the absence of "another statute provid[ing] for different means of allocating costs." (*Ibid.*)

Here, judgment has been entered in favor of defendants. Further, as we have already explained, the claims raised by plaintiff on appeal would not warrant reversal of the judgment, even if the factual allegations supporting those claims were deemed true. Under the express terms of Code of Civil Procedure section 1032, subdivision (a)(4), defendants were the prevailing parties entitled to costs, since they obtained a judgment in their favor. Thus, the governing statute provides no authority for this court or the trial court to award costs to plaintiff, and we deny plaintiff's request for such an order.

## IV.  DISPOSITION

The judgment is affirmed.  Defendants to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS          
J.

We concur:


McKINSTER          
Acting P. J.


RAPHAEL          
J.