Filed 11/2/23  Poe v. Pioneer Medical Group CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HENRY POE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PIONEER MEDICAL GROUP, et al.,<br><br>Defendants and Respondents. | B314246<br><br>(Los Angeles County Super. Ct. No. BC721826) |
| HENRY POE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SOUTHERN CALIFORNIA INFECTIOUS DISEASE MEDICAL GROUP, INC., et al.,<br><br>Defendants and Respondents. | B316457<br><br>(Los Angeles County Super. Ct. No. BC721826) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Margaret Miller Bernal, and Raul Anthony Sahagun, Judges. Affirmed.

Robert C. Moest for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Cassidy C. Davenport, Amy E. Rankin; Carroll, Kelly, Trotter & Franzen, Richard D. Carroll, and Daniel Z. Weinberg for Defendants and Respondents Pioneer Medical Group, Kathleen Morgan, Charles Kung, Richard Garcia, Thomas Mahowald, Sidalia Sousa, Wilbert Jordan.

Cole Pedroza, Kenneth R. Pedroza, Cassidy C. Davenport, Amy E. Rankin; David Weiss Law, David J. Weiss, Daniel V. Farrugia, and Sara K. Mores for Defendants and Respondents Southern California Infectious Disease Medical Group and Patti Morris.

_____

Henry Poe[1] sued his medical service providers for professional negligence. After several judges ruled adversely to him on discovery and other matters, Poe petitioned several times to disqualify the judges on the grounds of bias and corruption. All petitions were denied, and those rulings became final. The trial court subsequently granted defendants' unopposed motion for summary judgment and entered judgment accordingly. Poe contends the court's refusal to disqualify the challenged judges violated his due process rights because they made several erroneous rulings against him.

---

[1] A pseudonym.

2

We disagree.  Assuming the rulings were erroneous, to establish that refusal to disqualify a judge violates due process the offended party must show more than that the judge made erroneous rulings, he must adduce extreme facts showing the rulings resulted from judicial bias.  Poe fails to do so.  We therefore reject the contention that his due process rights were violated, and affirm the judgment.

## BACKGROUND

### A. Complaints

#### 1. Original and First Amended Complaints

On September 14, 2017, Poe presented to defendant Kathleen Morgan, D.O., of Pioneer Medical Group (Pioneer), complaining of a throat infection and skin lesions.  He requested a referral to an infectious disease specialist, which he did not receive until two weeks later from a different Pioneer doctor, defendant Charles Kung, M.D.

Almost a year later, Poe filed a complaint against Pioneer, Morgan, Kung, Richard Garcia, M.D., Thomas Mahowald, Sidalia Sousa, Wilbert Jordan, M.D. (the Pioneer defendants), and against Southern California Infectious Disease Medical Group (SCIDMG) and Patti Morris (the SCIDMG defendants).  Following two demurrers and motions to strike, Poe's first amended complaint, which is operative, asserted one cause of action for negligence.  Poe's essential allegation was that defendants wrongfully refused to treat him.

#### 2. Second Amended Complaint

On September 13, 2019, Poe filed a motion for leave to file a second amended complaint, asserting causes of action for (1) negligence, (2) reckless denial of medical services, (3) intentional infliction of emotional distress, and (4) breach of contract.  The

3

court denied the motion without prejudice on the ground that Poe failed to submit a declaration in compliance with California Rules of Court, rule 3.1324.

On September 8, 2020, Poe filed a second motion for leave to file a second amended complaint.

## B. Discovery Rulings

### 1. Judge Rosales

Poe failed to appear for his deposition on April 17, 2019, and the court, Judge Olivia Rosales presiding, granted defendants' motion to compel his attendance. On the date of the second attempt, Poe appeared without his attorney, who represented he was involved in another matter in another court. Pioneer defense counsel suspended the deposition and moved to compel Poe's and his attorney's attendance. The court granted the motion, but by July 23, 2020, Poe still had not appeared for deposition, whereupon the court granted the Pioneer defendants' third motion to compel his attendance.[2]

In other discovery proceedings, the Pioneer defendants filed two motions to compel further responses to written discovery. Judge Rosales ultimately granted the motions and imposed $600 in sanctions against Poe.

On January 12, 2021, Poe moved to disqualify Judge Rosales on the ground that her erroneous discovery rulings demonstrated she was unqualified to hold the office. We discuss this motion below.

---

[2] Poe did appear for deposition on March 11, 2020, but only to immediately suspend the deposition so he could seek a protective order.

4

## 2. Judge Sahagun

On October 13, 2020, after the court had sua sponte entered a protective order requiring that documents containing confidential information be designated as "Protected Documents" and treated as confidential, Poe filed a motion for the following additional protective orders:  (1) That "individually identifiable information pertaining to plaintiff" be kept confidential and not be publicly disclosed unless explicitly authorized by the court; (2) that defense counsel file declarations attesting they "carefully reviewed all of the HIPAA [Health Insurance Portability and Accountability Act] regulations applicable to the law firm" and "determined that [they were] in full compliance with those regulations"; (3) that defense counsel be found to have violated HIPAA; and (4) that all court records pertaining to the case be sealed.

On April 5, 2021, the court, Judge Raul Sahagun presiding, issued a tentative order denying the motion, finding that Poe's requests were "vague and uncertain."

The next day, April 6, 2021, Poe moved to disqualify Judge Sahagun, arguing his "attack" on Poe for making "vague and uncertain" requests demonstrated animus.  We discuss this motion below.

Also on April 6, 2021, the court issued a minute order denying Poe's motion for a protective order.  The final order made no mention of Poe's requests being vague or uncertain.

On January 28, 2021, the Pioneer defendants moved for terminating sanctions on the ground that Poe had misused the discovery process.  Poe did not oppose the motion but filed his own motion for monetary sanctions against the Pioneer defendants and their counsel pursuant to Code of Civil Procedure

5

sections 128.5 and 128.7, arguing their motion for terminating sanctions was frivolous. The Pioneer defendants subsequently filed another motion for terminating sanctions, in which the SCIDMG defendants joined, on the ground that Poe had misused the discovery process.

**C.     Pioneer Defendants' Motion for Summary Judgment**

On November 12, 2020, the Pioneer defendants moved for summary judgment on the ground that no standard of care was breached and no connection existed between their alleged negligence and Poe's claimed injury.

In support of the motion, Eduardo Añorga, M.D., opined: (1) At all times in their treatment of Poe, defendants complied with the applicable standard of care; (2) no act or omission by defendants contributed to Poe's alleged injury (a gonorrhea throat infection); and (3) there was no evidence that Poe suffered from the alleged injury.

Rather than oppose the motion, Poe requested a dismissal without prejudice as to all Pioneer defendants (not as to the SCIDMG defendants), and on April 1, 2021, filed a notice of entry of dismissal. Accordingly, the court took his motion for leave to file a second amended complaint off calendar.

On April 5, 2021, the Pioneer defendants filed an ex parte application asking the court to reject Poe's request for dismissal as an improper tactic to thwart a ruling on their pending motions for summary judgment and terminating sanctions.

On April 9, 2021, Judge Sahagun denied Poe's request for a dismissal but also denied the Pioneer defendants' summary judgment motion, finding that a second amended complaint, filed September 14, 2020, and alleging more than simply negligence, was operative. The court construed defendants' motion for

6

summary judgment as a motion for summary adjudication on the second amended complaint's cause of action for negligence, and granted that motion but denied summary judgment as to the remaining claims, which defendants' motion had not addressed.

On May 7, 2021, the Pioneer defendants applied ex parte for "correction" of the April 9 summary judgment ruling, explaining during the hearing that the purported second amended complaint was never served on them and never became operative.

On May 28, 2021, Judge Sahagun denied the Pioneer defendants' May 7 ex parte application for procedural reasons but sua sponte reconsidered its summary judgment ruling pursuant to *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1101. Upon reconsideration, Judge Sahagun (1) denied Poe's March 29, 2021 motion for dismissal; (2) found no proof of service of the second amended complaint had been filed; (3) credited defense counsel's representation, made at the May 28 hearing, that he was unaware a second amended complaint had been filed until the April 6, 2021 hearing on the Pioneer defendants' summary judgment motion; (4) ordered the putative second amended complaint stricken based on this representation, and because no proof of service existed; (5) found the first amended complaint was operative; and (6) found there was no triable issue of material fact as to Poe's sole claim for negligence because there was no evidence that defendants fell below the standard of care in their treatment of him, and no evidence that they caused or contributed to his alleged injury.

The court entered judgment in favor of the Pioneer defendants, from which Poe appeals.

7

**D. SCIDMG Defendants' Demurrer and Motion to Strike**

On May 27, 2021, the SCIDMG defendants demurred to and moved to strike Poe's second amended complaint on the ground it was never served on them. These motions were ultimately taken off calendar as moot.

**E. SCIDMG Defendants' Motion for Summary Judgment**

On June 4, 2021, the SCIDMG defendants moved for summary judgment, arguing no standard of care was breached and no connection existed between their alleged negligence and Poe's claimed injury.

In support of the motion, Brian Blackburn, M.D., opined that (1) the SCIDMG defendants complied with the applicable standard of care at all times in treating Poe, (2) and there was no causal connection between their alleged negligence and Poe's claimed injury, and (3) there was no evidence that Poe suffered from the alleged injury. Dr. Blackburn also declared that there were no records of Poe ever being treated at SCIDMG.

Poe did not oppose the motion.

On September 14, 2021, the court granted the SCIDMG defendants' summary judgment motion, finding no triable issue of material fact existed as to Poe's negligence claim because there was no evidence that the SCIDMG defendants fell below the standard of care in their treatment of Poe.

The court entered judgment accordingly, from which Poe separately appeals.

**F. Pending Sanctions Motions**

On July 22 and September 16, 2021, Judge Sahagun took the Pioneer defendants' motion for terminating sanctions and Poe's Code of Civil Procedure sections 128.5 and 128.7 motions for monetary sanctions off calendar as moot, noting Poe's section

8

128.7 motion was procedurally improper. Judge Sahagun further noted that even had he considered Poe's motions, he would have denied them because no facts or evidence supported a finding "that [d]efendants or their attorneys acted in bad faith or for the sole purpose of causing unnecessary delay."

## DISCUSSION

### A.  Preliminary Matter

Preliminarily, Poe informally invites us to recuse ourselves due to the several instances over many years in which we "disregarded" "published law or well-settled law," specifically in two cases involving his current attorney. If we do so, he requests that we refrain from assigning the matter to Division Four of this District, which also, according to Poe, has a penchant for disregarding the law. We decline the invitation.

### B.  Summary Judgment

#### 1.  Legal Principles

The elements of a cause of action for medical professional negligence are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 122.)

"[T]he causation inquiry has two facets: whether the defendant's conduct was the 'cause in fact' of the injury; and, if so, whether as a matter of social policy the defendant should be held legally responsible for the injury." (*Osborn v. Irwin Memorial Blood Bank* (1992) 5 Cal.App.4th 234, 252.) To determine causation in fact, California has adopted the

9

substantial factor test set forth in the Restatement Second of Torts, section 431.  (*Mitchell v. Gonzales* (1991) 54 Cal.3d 1041, 1052; Rest.2d. Torts, § 431 [negligent conduct is a legal cause of harm if it is a substantial factor in bringing about the harm].)  An event will be considered a substantial factor in bringing about harm if it is "recognizable as having an appreciable effect in bringing it about."  (Rest.2d Torts, § 433, com. (d).)

In a medical negligence case, " 'causation must be proven within a reasonable medical probability based upon competent expert testimony.  Mere possibility alone is insufficient to establish a prima facie case.' " (*Dumas v. Cooney* (1991) 235 Cal.App.3d 1593, 1603.)

A trial court properly grants summary judgment " 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  (Code Civ. Proc., § 437c, subd. (c).)[3]  A defendant may establish its right to summary judgment by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action.  ([§] 437c, subd. (p)(2).)" (*Neiman v. Leo A. Daly Co.* (2012) 210 Cal.App.4th 962, 967.)  "Once the moving defendant has satisfied its burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to each cause of action.  [Citation.]  A triable issue of material fact exists where 'the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " (*Ibid.*)

---

[3] Undesignated statutory references will be to the Code of Civil Procedure.

On appeal, we apply an independent standard of review to determine whether a trial is required—whether the evidence favoring and opposing the summary judgment motion would support a reasonable trier of fact's determination in the plaintiff's favor on the cause of action or defense. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) In doing so we view the evidence in the light most favorable to the party opposing summary judgment. (*Id.* at p. 843; *Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 139.) We accept as true the facts shown by the evidence offered in opposition to summary judgment and the reasonable inferences that can be drawn from them. (*Spitzer v. The Good Guys, Inc.* (2000) 80 Cal.App.4th 1376, 1385-1386.)

2. **Defendants Established that No Triable Issue Exists**

Here, defendants presented the declarations of Eduardo Añorga, M.D., and Brian Blackburn, M.D., who opined that defendants complied with the standard of care at all times in their treatment of Poe, and no act or omission on their part contributed to Poe's alleged injury. Drs. Añorga and Blackburn also opined that no evidence suggested Poe suffered from the alleged injury. Finally, Dr. Blackburn declared that no evidence indicated the SCIDMG defendants treated Poe at all.

This evidence carried defendants' burden to show that three elements of medical professional negligence could not be established: breach of the standard of care, causation, and damages. The burden therefore shifted to Poe to show that a triable issue of material fact existed as to his negligence cause of action.

11

Poe chose not to oppose defendants' motion, and thus failed to carry his burden. The trial court therefore properly concluded that defendants were entitled to a judgment as a matter of law because no triable issue existed as to any material fact.

Poe argues that Drs. Añorga's and Blackburn's opinions lacked foundation because they were based on a review of medical records that Poe alleged were "distorted, fabricated, and falsified by corrupt and incompetent healthcare providers."

We disagree. Summary judgment may be resisted only with evidence, not allegations. (§ 437c, subd. (p)(2) [once a defendant has shown that one or more elements of a cause of action cannot be established, the plaintiff "shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists"].) Poe's unsubstantiated allegations that his medical providers falsified records neither created a triable issue nor undermined the doctors' opinions.

Poe argues Dr. Blackburn's opinion lacked foundation because he admitted he had no evidence that the SCIDMG defendants treated Poe. We disagree. Dr. Blackburn relied on Pioneer records to opine that nothing the initial medical professionals did caused Poe's alleged injury, and he did not even suffer from such an injury. This evidence established that the secondary medical professionals, SCIDMG, could not have caused Poe's injury either.

Poe argues he could not adequately oppose the defendants' motions for summary judgment without waiving his jurisdictional objections, *post*. However, because he supports the argument with neither legal analysis nor citation to authority, we deem it forfeited. (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [unsupported argument on appeal is deemed forfeited].)

12

## C.  Poe Received Due Process

Poe contends summary judgment was improper because his due process rights were violated when he was "was forced to contend with three overtly corrupt judges" who "whimsically disregarded" the published law, "fabricated legal rules," and "fabricating facts when necessary to support their corrupt conduct."  Specifically, he argues his due process rights were violated when:  (1) Judge Sahagun made several erroneous rulings, ignored documents in the court file, and accepted as true a false statement made by defense counsel during oral argument at a hearing to revisit the summary judgment ruling; (2) Judge Rosales imposed monetary sanctions on him for abusing the discovery process even though they were requested for the first time only in defendants' reply papers; and (3) Judge Bernal (a) penalized Poe for failing to serve a document that court policies made impossible to serve and (b) assigned the case to Judge Sahagun.

### 1.  Relevant Proceedings

#### a.  Judge Rosales—Discovery

As noted above, on January 12, 2021, Poe filed a "Memorandum of Points and Authorities Regarding Judicial Officer" (Memorandum) in which he argued Judge Rosales's rulings granting defendants' discovery motions, *ante*, "were inconsistent with the controlling legal authorities," thereby demonstrating her "whimsical disregard" of the law and lack of "the qualifications to continue to render judicial decisions in this litigation."

On February 2, 2021, Poe filed an ex parte application in which he construed the above Memorandum to be a statement of disqualification and argued that because the court failed to

13

timely respond to it, he was entitled to an order reassigning the case from Judge Rosales to a new department.

The court, Judge Margaret Bernal presiding, construed Poe's Memorandum as a statement of disqualification and ordered it stricken because it was untimely and improperly served, and because it failed to demonstrate legal grounds for disqualification. The court denied Poe's ex parte application. Poe petitioned us for a writ of mandate directing the trial court to grant his application, which we denied.

**b. Judge Bernal—February 2, 2021 Disqualification Motion**

On April 6, 2021, Poe filed an objection to the jurisdiction of Judge Bernal over any hearing involving defense counsel, arguing Judge Bernal erred by denying his February 2, 2021 ex parte application to reassign the case from Judge Rosales, *ante*.

Judge Bernal construed Poe's objection as a statement of disqualification and ordered it stricken because it was improperly served and demonstrated no legal grounds for disqualification.

**c. Judge Sahagun--Discovery**

As noted above, on April 6, 2021, Poe filed an objection to the jurisdiction of Judge Sahagun over "pending motions" on the ground that in his April 5, 2021 tentative ruling, *ante*, Judge Sahagun demonstrated a "whimsical disregard of the law" and "animus against Plaintiff" by: (1) Characterizing Poe's requests as vague and uncertain; (2) disregarding that defendants' counsel had failed to maintain the confidentiality of Poe's identity; and (3) requiring Poe to submit a declaration explaining why his identity should be confidential.

Judge Sahagun construed this objection as a statement of disqualification and ordered it stricken for failure to demonstrate

14

legal grounds for disqualification.  Poe petitioned us for a writ, which we denied.

### d.    Judge Bernal and Sahagun—April 6, 2021 Disqualification Motions

On April 23, 2021, Poe filed two more objections to Judges Bernal and Sahagun, arguing they erred by striking his prior two statements of disqualification filed on April 6, 2021.  The court construed the objections to be statements of disqualification and ordered them stricken.  As to Poe's objection to Judge Bernal, the court found it was repetitive of his prior motion and failed to disclose legal grounds for disqualification.

### e.    Judge Sahagun—Summary Judgment

On May 24, 2021, Poe filed an objection to the jurisdiction of Judge Sahagun over a then-pending ex parte motion brought by defendants.  On May 27, 2021, Poe filed an objection "to consideration by Judge Sahagun of [a] false assertion" by defense counsel, arguing that at the hearing on defendants' reconsideration motion, Judge Sahagun credited defense counsel's representation that defendants were unaware that a second amended complaint had been filed.  The court overruled the objections.

### f.    Judge Sahagun—Several Rulings

On June 14, 2021, Poe filed an objection to entry of judgment due to the "stupefying level of bias" of Judge Sahagun in his May 28, 2021 ruling (on its sua sponte reconsideration of its order denying summary judgment), arguing Judge Sahagun erroneously (1) overruled Poe's May 27, 2021 disqualification objection, (2) ordered the second amended complaint stricken, and (3) granted summary judgment.  Poe argued that Sahagun "resorted to falsification of facts," "chose to disregard

15

documents . . . if [they] would impede his goal of ruling against Plaintiff," and appeared to have been "successfully bribed" by defendants' counsel. Poe asked that Judge Sahagun recuse himself. The court overruled the objection and declined plaintiff's invitation for Judge Sahagun to recuse himself.

### g. Judges Rosales and Sahagun

On June 29, 2021, Poe filed two ex parte applications seeking the recusal of Judges Rosales and Sahagun. Poe argued that even though Judges Rosales and Sahagun were no longer in the case, "the Southeast District of the Los Angeles Superior Court routinely violates the due process rights of Plaintiff by suddenly changing, without any reasonable Notice, the identity of the judge who will adjudicate a particular motion," and the current motion was necessary to prevent Judges Rosales and Sahagun from "suddenly emerging from her apparent status 'in hiding' [to] issue some malevolent or overtly biased ruling."

Judge Bernal sua sponte reassigned the case to Judge Sahagun, who (1) found that Poe failed to demonstrate exigent circumstances, (2) denied Poe's application as to himself (Judge Sahagun), and (3) transferred the remaining matter to Judge Rosales. Judge Rosales found no basis to recuse herself and denied Poe's request.

### h. Judge Bernal—June 29, 2021 Assignment Order

On July 1, 2021, Poe filed an ex parte application seeking the recusal of Judge Bernal on the ground that she demonstrated malice and bias by assigning the case to Judge Sahagun on June 29, 2021, even though he had made "highly anomalous rulings" in the litigation, demonstrating a "stupefying level of bias," and even though Poe had a motion pending before the California

16

Supreme Court to have Judge Sahagun removed from the litigation. Judge Bernal denied the application.

### i. Judge Sahagun—Several Proceedings

On August 16, September 7, and September 9, 2021, Poe filed objections to Judge Sahagun hearing the SCIDMG defendants' demurrer and motion for summary judgment and Poe's motion for monetary sanctions. The court took the demurrer off calendar and denied Poe's motion as to the motion for summary judgment. No ruling on the third motion appears in the record.

### 2. Applicable Law

### a. Disqualification Statutes—No Actual Bias Required

In California, a judge shall be disqualified from a proceeding if "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." (§ 170.1, subd. (a)(6)(A)(iii).) No actual bias need be shown. (*People v. Panah* (2005) 35 Cal.4th 395, 446.) This standard " ' "is fundamentally an objective one." If a reasonable member of the public at large, aware of all the facts, would fairly entertain doubts concerning the judge's impartiality, disqualification is mandated.' " (*Ibid*.)

A trial court's disqualification orders are nonappealable, and may be reviewed only by petition for a writ of mandate. (§ 170.3, subd. (d); *People v. Panah, supra,* 35 Cal.4th at p. 444.)

Here, Poe petitioned for a writ as to some of the trial court's disqualification orders and not others, but in any event none of the orders may be challenged on appeal.

Poe argues that disqualification of a judge under section 170.1 is appropriate where the court's rulings suggest "whimsical

17

disregard" of the published law.  (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.)  He also argues the trial court erred in disregarding several peremptory challenges contained within his various objections to the judges in this case.  The points are irrelevant because Poe may not now appeal the court's rulings under sections 170.1 or 170.6.

He may, however, "assert on appeal a claim of denial of the due process right to an impartial judge."  (*People v. Mayfield* (1997) 14 Cal.4th 668, 811, overruled on another ground by *People v. Scott* (2015) 61 Cal.4th 363, 390, fn. 2.)  We will therefore analyze his claim of judicial bias on due process grounds.

### b.     Due Process—Probability of Actual Bias Required

A fair trial in a fair tribunal is a basic requirement of due process.  (*In re Murchison* (1955) 349 U.S. 133, 136.)

For example, due process is violated when the judge "has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case."  (*Aetna Life Ins. Co. v. Lavoie* (1986) 475 U.S. 813, 821-822.)  Here, nothing in the record suggests, and Poe does not claim, that Judges Rosales, Sahagun or Bernal had any direct, personal, substantial, pecuniary interest in reaching a conclusion against Poe.

Even absent such an interest, however, due process is violated where a high probability of bias exists.  (*People v. Freeman* (2010) 47 Cal.4th 993, 996.)

"[W]hile a showing of *actual* bias is not required for judicial disqualification under the due process clause, neither is the mere appearance of bias sufficient.  Instead, based on an objective assessment of the circumstances in the particular case, there

18

must exist ' "the *probability* of actual bias on the part of the judge or decisionmaker [that] is too high to be constitutionally tolerable." ' [Citation.] Where only the appearance of bias is at issue, a litigant's recourse is to seek disqualification under state disqualification statutes: 'Because the codes of judicial conduct provide more protection than due process requires, most disputes over disqualification will be resolved without resort to the Constitution.' " (*People v. Freeman, supra,* 47 Cal.4th at p. 996, italics added.) "[O]nly the most 'extreme facts' would justify judicial disqualification based on the due process clause." (*Ibid.*)

Such extreme facts may exist, for example, where a judge's compensation was derived from the fines assessed in a case so as to " 'offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused . . . .' (*Caperton v. A.T. Massey Coal Co., Inc.* (2009) 556 U.S. 868, 878 (*Caperton*).)

Extreme facts supporting disqualification may also exist where a judge is both the charging and convicting authority. (*Caperton, supra,* 556 U.S. at p. 880.)

On the other hand, "[m]ere judicial error does not establish bias and normally is not a proper ground for disqualification," even under California's codes of judicial conduct, which provide more protection than the federal Due Process clause. (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079; see also *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 59-60 [a trial judge's repeated erroneous rulings do not constitute sufficient evidence of bias to warrant removal].)

The issue here is whether this case presents extreme facts that require judicial disqualification on due process grounds.

### 3. Application

#### a. Judge Rosales

Poe argues that Judge Rosales exhibited bias by "disregarding" controlling legal authorities when granting defendants' discovery motions.

Our examination of the record reveals no indication that Judge Rosales was biased. Even if, for the sake of argument, Judge Rosales erroneously concluded Poe had abused the discovery process, an erroneous ruling is not by itself so rare or extreme an occurrence as to establish a high probability of actual bias.

#### b. Judge Sahagun

Poe argues Judge Sahagun demonstrated bias by: (1) characterizing, in a tentative ruling, Poe's requests for a protective order as vague and uncertain; (2) disregarding that defendants' counsel had failed to maintain the confidentiality of Poe's identity; (3) requiring Poe to submit a declaration explaining why his identity should be confidential; (4) striking two prior statements of disqualification he filed on April 6, 2021; (5) erroneously accepting as true a misrepresentation by defense counsel; (6) erroneously striking Poe's May 27, 2021 disqualification objection; (7) erroneously ordering Poe's second amended complaint stricken; (8) erroneously granting summary judgment; (9) falsifying facts; and (10) disregarding Poe's documents.

Assuming for argument that Judge Sahagun erred in every action, ruling and comment to which Poe refers, such errors, without more, do not establish bias. "Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are subject to

20

review [citations]. Nor are a judge's expressions of opinion, uttered in what he conceives to be the discharge of his judicial duty, evidence of bias or prejudice." (*McEwen v. Occidental Life Ins. Co.* (1916) 172 Cal. 6, 11.)

### c. Judge Bernal

Poe argues Judge Bernal exhibited bias by: (1) erroneously denying his February 2, 2021 ex parte application to reassign the case from Judge Rosales; (2) erroneously striking two prior statements of disqualification Poe filed on April 6, 2021; and (3) assigning the case to Judge Sahagun on June 29, 2021.

Such rulings, even if erroneous, do not establish bias.

As to all three judges, each of the purported acts of judicial misconduct of which Poe complains amounts to nothing more than a disagreement with the trial court's rulings. They disclose no bias and no due process violations.

## D. Discovery and Other Rulings

Poe argues the court's order compelling him to attend his deposition, the order denying his motion for a protective order, and the order assigning the case to Judge Sahagun should all be reversed. We decline to revisit those orders because summary judgment rendered them moot. Although "[a] discovery order may be reviewed on appeal from the final judgment on the merits. [Citations.] The judgment will not be reversed unless the error is so prejudicial that it constitutes a miscarriage of justice." (*County of Nevada v. Kinicki* (1980) 106 Cal.App.3d 357, 363.) Here, Poe offers no reason why the order compelling his deposition resulted in prejudice, and none appears from the record.

Poe argues that Judge Sahagun's order taking Poe's motion for monetary sanctions off calendar was an abuse of discretion.

21

However, because he supports the argument with neither legal analysis nor citation to authority, we deem it forfeited. (See *Lee v. Kim*, *supra*, 41 Cal.App.5th at p. 721.)

**E.    End Word**

We regret we must admonish Poe's counsel about the inappropriate personal attacks in his briefs on the trial judges. When briefing an appeal, an ad hominem attack on the trial judge is not only unpersuasive, but also unseemly. (*Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 794-795; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.) We remind counsel he is an officer of the court, and has a duty to "maintain the respect due to the courts of justice and judicial officers." (Bus. & Prof. Code, § 6068, subd. (b); see *People v. Massey* (1955) 137 Cal.App.2d 623, 626.) We do not condone Poe's counsel's lack of professionalism.

**DISPOSITION**

The judgment is affirmed. Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

22