[Civ. No. 34556. Second Dist., Div. Four. Mar. 9, 1970.]

MORRIS SCHWARTZ, Plaintiff, v.
FRED SCHWARTZ, Defendant and Appellant;
LAWRENCE L. LIGHT, Petitioner and Respondent;
R. E. ALLEN, as Receiver, etc., Defendant and Respondent.

**Counsel**

Fred Schwartz, in pro. per., for Defendant and Appellant.

Lawrence L. Light, in pro. per., for Petitioner and Respondent.

John R. Crowe for Defendant and Respondent.

**Opinion**

**JEFFERSON, Acting P. J.**—This appeal is a companion to the appeal of Fred Schwartz in *Schwartz* v. *Schwartz,* 2d Civil No. 33989 [*ante,* p. 133; 85 Cal.Rptr. 45], filed concurrently with this opinion. ■ Here Fred Schwartz appeals from an order of the superior court made on May 6, 1968, in department 65 of that court, denying his motion "to have Court, pursuant to Order of April 1, 1960 appointing and instructing R. E. Allen as Receiver for Central Tire and Salvage Company to defend or prosecute all litigation for or against partnership, order and instruct R. E. Allen, to oppose and defend motion by Lawrence L. Light, Esq., seeking obtainment of $3,851.64 less advances and credits from partnership estate, as attorney's fees, . . ."

By his motion, Mr. Schwartz sought an order instructing a receiver. ■ Under the rationale of the court in *Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484, 492-493 [114 P. 838], an order denying a motion to instruct a receiver may not be considered as a final determination of a matter pending in the trial court. Rather, such an order must be regarded as an intermediate ruling, the propriety of which may be considered on an appeal from the final account of the receiver. ■ The order in question is thus nonappealable. (See our opinion in *Schwartz* v. *Schwartz,* 2d Civ.

No. 33989 [*ante,* p. 133 ], filed concurrently herewith.)

The appeal is dismissed.

Kingsley, J., and Dunn, J., concurred.