[Civ. No. 33989. Second Dist., Div. Four. Mar. 9, 1970.]

MORRIS SCHWARTZ, Plaintiff, v.
FRED SCHWARTZ, Defendant and Appellant;
LAWRENCE L. LIGHT, Petitioner and Respondent;
R. E. ALLEN, as Receiver, etc., Defendant and Respondent.

**COUNSEL**

Fred Schwartz, in pro. per., for Defendant and Appellant.

Lawrence L. Light, in pro. per., for Petitioner and Respondent.

John R. Crowe for Defendant and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—Appellant Fred Schwartz appeals from two orders of the superior court made on May 6, 1968, in department 63 of that court. One order directed the payment, from assets of a business in which appellant has an interest, of attorney's fees in the amount of $3,757.34 to respondent Lawrence Light. The other order retaxed costs on a prior appeal involving the same attorney fee.[1]

The orders in question were made in an action brought by appellant's brother Morris Schwartz (now deceased) against appellant for dissolution of their partnership business known as the Central Tire and Salvage Company (hereafter Central Tire). On January 2, 1960, respondent was employed by appellant and his brother to prosecute on behalf of the business an action against the Coast Tire and Salvage Company, et al (hereafter Coast Tire). The action was to enforce the payment of the balance due Central Tire on the sale of used tires to Coast Tire. The written employment agreement with respondent provided that he would be paid for his services a contingency fee of 25 percent of any sum recovered "whether by compromise settlement or judgment."

Pursuant to the agreement, respondent filed an action against Coast Tire. After settlement negotiations did not materialize and Coast Tire failed to plead, their default was taken and, on August 3, 1960, judgment was obtained thereon in the amount of $15,116.34.

---

[1]Appellant also purports to appeal from the denial of a motion made the same date "to Amend Nunc Pro Tunc" the Minute Order of July 2, 1962, to make it conform to what appellant believed were the court's rulings as reported in the reporter's transcript of the same date. Since, however, no formal order was ever made or requested, no vehicle exists upon which to predicate an appeal from the court's ruling on such motion.

In the meantime, shortly after the action against Coast Tire was filed, R. E. Allen was appointed receiver in the partnership dissolution proceedings to take control and management of the business of Central Tire.

On November 14, 1960, the defendant judgment debtors noticed a motion to set aside the judgment. Respondent filed his own affidavit in opposition to the motion and secured an affidavit in opposition from appellant's partner Morris Schwartz. Appellant refused to oppose the motion. On December 2, 1960, the court denied the motion to vacate. However, a few days later Coast Tire made application to reopen the matter and to renew the motion upon the ground of newly discovered evidence. The evidence consisted of a letter dated November 12, 1960, signed by appellant and addressed to attorney Phill Silver. In the letter appellant stated that he wanted respondent removed as attorney on the case and that he did not want the judgment enforced at that time against Coast Tire. The court, on the basis of the letter, granted Coast Tire permission to reopen and subsequently vacated the judgment. Whereupon, an appeal was undertaken by the receiver on behalf of Central Tire.

During the pendency of the appeal, respondent filed a report with the court requesting attorney's fees and accompanied such request with a motion to withdraw from the case in view of his conflict with appellant. The court granted the motion to withdraw but deferred the matter of attorney's fees.

On April 2, 1962, the appellate court (in *Schwartz v. Smookler,* 202 Cal.App.2d 76 [20 Cal.Rptr. 507]) reversed the order vacating the default judgment, and the judgment was reinstated.

On July 2, 1962, respondent's application for attorney's fees was heard together with a petition filed by the receiver R. E. Allen requesting that the court determine and fix reasonable attorney's fees to be paid to respondent for his services in the case against Coast Tire and in connection with two other matters which, in the interim, respondent handled for the receiver in behalf of Central Tire. All interested parties were present at the hearing and respondent testified at length concerning the services he rendered. The court concluded that respondent was entitled to attorney's fees in the matter involving Coast Tire in the sum of $3,851.64 (less any advances or credits in favor of the receiver). The sum awarded represented 25 percent of the amount of the judgment. Before making its order, the court requested and got the approval of R. E. Allen and Morris Schwartz. Appellant was the lone dissenter.

The judgment against Coast Tire was subsequently sold to the highest bidder by the receiver for the sum of $10,001, and the sale was confirmed

by the court on January 2, 1964. Respondent thereafter noticed a motion to compel the receiver to comply with the order of July 2, 1962. The receiver held up payment because of objections voiced by appellant. On November 30, 1964, a hearing was held on respondent's motion. The court, after hearing arguments, refused appellant's request to reduce the amount awarded in the order of July 2, 1962, and further ruled that the order was a final order. An appeal was taken by appellant from the November 30, 1964, order and, on December 7, 1967, this court (in an unpublished opinion in *Schwartz* v. *Light,* 2d Civ. 30244) reversed the November 30, 1964, order solely on the procedural ground that appellant had not received proper notice of the hearing. The question was never reached whether the July 2, 1962, order was a final order.

Respondent thereafter noticed two motions: for payment of attorney's fees pursuant to the order of July 2, 1962, and to have costs on the appeal in *Schwartz* v. *Light,* 2d Civil No. 30244, retaxed and assessed against the receivership. After a lengthy hearing at which both motions were heard, the court on May 6, 1968, entered its orders and findings. It is from these orders that appellant brings the present appeal.

The minutes of the court of May 6, 1968, recite that the court made the following findings and orders on that date:

"The court finds that on July 2, 1962, this court duly made its order adjudging and determining that Lawrence L. Light (Respondent) was entitled to attorneys fee from R. E. Allen, Receiver in the sum of $3851.64 less advances and credits, that no appeal was taken from said order and the same has long since become final and is now binding on this court. The court further finds that R. E. Allen is entitled to credit for advances and credits in the sum of $94.30 and that Lawrence L. Light is now entitled to receive the sum of $3757.34 without interest. The court finds that said sum of $3757.34 shall not bear interest prior to this date because prior to that date said sum was not a liquidated sum until the amount of balances and credits had been determined. . . . The Receiver R. E. Allen is hereby authorized, ordered and directed to pay to Lawrence L. Light the sum of $3,757.34 forthwith.

". . . The court finds that the costs of the reporter's transcript on appeal was $78.65 rather than the $400.00 as claimed, and costs on appeal are therefore retaxed in the sum of $281.20. The court further finds that R. E. Allen as receiver was not a party to such appeal and that said Receiver should not be charged with such costs on appeal, but that the same are properly a charge against Lawrence L. Light, respondent therein."

Appellant contends that the order respecting attorney's fees is based

on the erroneous finding that the order of July 2, 1962, which awarded such fees, was a final appealable order. As will be observed from the following discussion, we agree with appellant that the court below erroneously concluded that the order of July 2, 1962, was a final appealable order. However, we further conclude that, for the same reasons that the 1962 order was not final, the order respecting attorney's fees of May 6, 1968 is also nonappealable. Consequently, appellant's appeal from such order must be dismissed.

█ "Generally no appeal can be taken except from a final order or judgment as defined in the statutes and developed in the case law. (Code Civ. Proc., § 963; *Lavine* v. *Jessup,* 48 Cal.2d 611, 613 [311 P.2d 8].) █ It is recognized, however, that the term 'a final judgment' as used in the statute is not limited to the final judgment entered in an action (*Sharon* v. *Sharon,* 67 Cal. 185, 196 [7 P. 456]), and that it is the substance and effect and not the designation 'interlocutory' or 'final' which determines the appealability of a judgment. (*In re Los Angeles County Pioneer Society,* 40 Cal.2d 852, 857-858 [257 P.2d 1]; *Lyon* v. *Goss,* 19 Cal.2d 659, 669-670 [123 P.2d 11]; *Security-First Nat. Bank* v. *Superior Court,* 132 Cal.App.2d 683 [23 P.2d 1055].) █ Thus, where there is a final determination of some collateral matter distinct and severable from the general subject of the litigation, even though litigation of the main issues continues, an appeal nevertheless is authorized. (See 3 Witkin, Cal. Procedure (1954) Appeal, § 11, p. 2151.)" (*Southern Pac. Co.* v. *Oppenheimer,* 54 Cal.2d 784, 785-786 [8 Cal.Rptr. 657, 356 P.2d 441].)

Concerning the question of the appealability of "orders requiring a receiver to make expenditures out of the funds in his hands," (which is what we have here), the court in *Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484 [114 P. 838], had this to say (at pp. 492-493): "The question involved is to some extent one of convenience and policy. Where a court has taken possession and control of property through a receiver, the preservation and proper management of such property can best be effected by permitting the trial court, pending a final hearing of the cause, to direct the receiver in the disposition of the funds coming into his hands, without having its supervisory action subject to the delay and inconvenience incident to repeated and successive appeals from separate orders. This consideration seems to have been the basis of the decision in *Free Gold Min. Co.* v. *Spiers,* 135 Cal. 130 [67 Pac. 61], where the court said: 'The receiver is but the hand of the court to aid it in preserving and managing the property involved in the suit for the benefit of those to whom it may ultimately be determined to belong. Any order that the court may make upon his application for such direction, whether for the expenditure of money or for the performance of any duty, may, if erroneous, be reviewed upon proper exceptions thereto after final judgment has been rendered, or, in exceptional cases, after the

settlement of the final account of the receiver. Such orders usually depend upon the discretion of the court, to be exercised according to the necessities of the case, and require immediate execution in order to be of any avail; but if every order which the court might make for the preservation or proper management of the property in its custody is subject to a direct appeal therefrom, not only would the court be greatly hampered in its efforts to preserve the property, but the interests of all the parties interested might be greatly prejudiced.' Similarly, in *Heinze* v. *B. & B. Consolidated Min. Co.,* 129 Fed. 337 [64 C.C.A. 15], the United States circuit court of appeals for the ninth circuit said: 'If such an order be held appealable, it follows that every order directing the action of the receiver in the disbursement of any portion of the funds in his hands, and each order approving his monthly accounts, may be made the subject of an appeal, and the matters involved in the receivership may be brought into this court piecemeal. In a receivership such as this, extending over a long period of time, such a rule would involve burdensome litigation . . .' These expressions were used in reference to an order confirming eight monthly reports of the receiver. In speaking of a further order directing the receiver to pay counsel fees out of the funds in his hands, the court said: 'We are unable to see that it stands on different ground from the other appeal. It is true that if the money be paid to the receiver's attorney under the order of court, it is a final disposition of the sum so paid. But the court thereafter still had the receiver's account under its control. If the sums so paid were improperly disbursed, the error in its payment may be reviewed in adjusting the receiver's final account. . . . The argument that the money so paid is a final disposition of so much of the funds in the receiver's hands applies with equal force to any item of the current expense account of the receiver. In each case the money paid is a final payment out of the fund in the receiver's hands. . . .' "

Involved in the *Title Ins. & Trust Co.* case was the question of the appealability of interim orders authorizing the receiver to issue and dispose of receiver's certificates to raise funds for improvements and to carry on the business, which orders the court found nonappealable. The above quoted language from that decision concerning orders directing receivers to pay attorney's fees from receivership assets, could therefore, strictly speaking, be considered dictum. However, no California authority has been cited, nor has our independent research disclosed any, which would authorize such an appeal.[2] ▮ Under the circumstances, we believe that the ration-

---

[2]In *Brown* v. *Memorial Nat. Home Foundation,* 158 Cal.App.2d 448 [322 P.2d 600, 72 A.L.R.2d 997], the court held that an order fixing receiver's compensation was appealable. The court distinguished the *Title Ins. & Trust Co.* case, and the cases cited therein on the ground that such cases (p. 459) "related only to the authorization of expenditures incident to the preservation or management of the receivership estate." In light of the language of the *Title Ins. & Trust Co.* decision quoted above, which specifically refers to orders for payment of attorney's fees by receivers, such

ale of the holding in the *Title Ins. & Trust Co.* case requires the conclusion that interim orders directing receivers to pay attorney's fees are not directly appealable. If the ordered payment of such fees constitutes an improper disbursement of funds in the hands of the receiver, the matter is subject to review and adjustment on an appeal from the receiver's final accounting.

■ Appellant contends that the court erred in granting respondent's motion to retax costs incurred in the appeal in *Schwartz* v. *Light,* 2d Civ. 30244. In his memorandum of costs on that appeal appellant claimed costs of $602.55. Among the costs listed was a $400 item for the reporter's transcript. From the evidence adduced at the hearing on respondent's motion to retax costs, appellant's cost for the preparation of the reporter's transcript on the appeal in 2d Civil 30244 was established to be $78.65 and not $400 as claimed by appellant. The court therefore properly ordered costs retaxed in the amount of $281.20.

The order retaxing costs is affirmed; the appeal from the order for the payment of attorney's fees is dismissed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied April 6, 1970.

---

a distinction may not be drawn here. The ordered expenditure in question must be regarded as an expenditure incident to the management of the receivership.