Filed 11/22/23  P. v. Golden CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE et al., | D080456 |
| Plaintiffs, | |
| v. | (Super. Ct. No. 37-2021-00021672-CU-MC-CTL) |
| LISA GOLDEN, | |
| Defendant and Appellant; | |
| RICHARD C. GRISWOLD, | |
| Respondent. | |


APPEAL from an order of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Dismissed.

Lisa Golden, in pro. per., for Defendant and Appellant.

Richardson C. Griswold, in pro. per.; Griswold Law and Neil R. Sheaffer for Respondent.

No appearance by Plaintiffs.

Lisa Golden appeals from a March 3, 2022 order authorizing the receiver of her residential property to retain counsel and increase the receivership certificate.[2]  In June 2021, the trial court placed Golden's property in a receivership to remedy municipal code violations.  The court originally permitted the receiver to fund a $62,000 receivership certificate but later authorized increases to the certificate, including in its March 3, 2022 order.  That order stemmed from a deposition subpoena Golden served on a representative of the receiver.  The court granted the receiver's request for authorization to (1) retain counsel to represent the receiver and his staff, and (2) increase the certificate by $10,000 to pay the counsel's retainer fee.

We requested and received supplemental briefing regarding the appealability of the March 3, 2022 order.  (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["A reviewing court must raise the issue [of appealability] on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1."].)  Concluding the March 3, 2022 order is not appealable, we dismiss this appeal.

---

[1]    We resolve this case by memorandum opinion pursuant to section 8.1 of the California Standards of Judicial Administration.

[2]    Golden also sought to appeal from an order dated April 19, 2022.  As a vexatious litigant appearing in propria persona, Golden had to obtain permission to appeal.  (Code Civ. Proc., § 391.7, subd. (c).)  We granted permission as to the March 3, 2022 order but not as to the April 19, 2022 order.  Accordingly, we disregard Golden's discussion of matters beyond the March 3, 2022 order in her briefing on appeal.

An order appointing a receiver is appealable. (Code Civ. Proc., § 904.1, subd. (a)(7).) So is an order settling the final account of a receiver (*Rochat v. Gee* (1891) 91 Cal. 355, 357 (*Rochat*)), or an order directing the payment of a receiver's compensation. (*Los Angeles v. Los Angeles City Water Co.* (1901) 134 Cal. 121, 122, 124; *Steinberg v. Goldstein* (1954) 122 Cal.App.2d 516, 518.) However, courts have held interim orders directing or authorizing receivers to perform various acts to be not appealable. (See *Title Insurance & Trust Co. v. California Development Co.* (1911) 159 Cal. 484, 493–494 [dismissing appeal from orders authorizing receiver to sell receiver's certificates]; *Illinois Trust & Sav. Bank v. Pacific Ry. Co.* (1893) 99 Cal. 407, 409, 411 [dismissing appeal from order making the receiver's lien "prior and paramount" to any other liens]; *Schwartz v. Schwartz* (1970) 5 Cal.App.3d 133, 137, 139–140 (*Schwartz*) [dismissing appeal from order authorizing receiver to pay attorney's fees]; *Wilson v. Day* (1952) 112 Cal.App.2d 598, 599 [same].) In *Title Insurance*, the California Supreme Court explained the underlying policy: "Where a court has taken possession and control of property through a receiver, the preservation and proper management of such property can best be effected by permitting the trial court, pending a final hearing of the cause, to direct the receiver in the disposition of the funds coming into his hands, without having its supervisory action subject to the delay and inconvenience incident to repeated and successive appeals from separate orders." (*Title Insurance,* at p. 492.)

Here, Golden appeals from an interim order. The March 3, 2022 order does not settle the receiver's account. Nor does it direct the payment of compensation to the receiver. Instead, it authorizes the receiver to retain counsel and increase the receivership certificate to pay the counsel's retainer. Both components fall squarely within the realm of authorized acts not

3

appealable until final judgment.  As the court in *Schwartz* explained, "[i]f the ordered payment of [attorney's] fees constitutes an improper disbursement of funds in the hands of the receiver, the matter is subject to review and adjustment on an appeal from the receiver's final accounting."  (*Schwartz, supra*, 5 Cal.App.3d at p. 140.)  So too here.  Golden may seek relief from the trial court for any issues with the receiver's payment of attorney's fees and may raise any such issues in an appeal following a final accounting.  (*Heinze v. Butte & B. Consol. Min. Co.* (9th Cir. 1904) 129 F.337, 340 ["If the sum so paid were improperly disbursed, the error in its payment may be reviewed in adjusting the receiver's final account."]; *Rochat, supra*, 91 Cal. at p. 357 ["The final account will refer to previous reports filed, and when that is settled, any one aggrieved will be fully protected by an appeal"].)

In her supplemental brief, Golden contends the March 3, 2022 order falls under the collateral order doctrine.  However, as Golden acknowledges, the collateral order doctrine only applies to orders "directing payment of money or performance of an act."  (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)  The March 3, 2022 order does neither.  It *authorizes* the receiver to retain counsel and increase the receivership certificate.  It does not *direct* Golden (or anyone else) to pay money or perform an act.  Accordingly, the collateral order doctrine does not apply.  (See *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 ["It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him."].)

Golden seizes on the receiver's quotation from *Free Gold Mining Co. v. Spiers* (1901) 135 Cal. 130, 132—"if every order which the court might make for the preservation or proper management of the property in its custody is

subject to a direct appeal therefrom, not only would the court be greatly hampered in its efforts to preserve the property, but the interests of all the parties interested might be greatly prejudiced"—to assert that the court's March 3, 2022 order "does nothing to 'preserve property.' " But the quoted portion of *Free Gold* does not state the test for whether an interim order is appealable. It only describes the rationale for limiting appeals from interim orders. The March 3, 2022 order "does not finally determine the rights of the appellants in the property involved in the action or in any part thereof, nor does it direct the performance of any act by or against the appellants." (*Free Gold*, at p. 131.) It is therefore not appealable.

## DISPOSITION

The appeal is dismissed. Respondent is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


DO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

5