Filed 10/9/25  Marriage of Steiner CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of CLEMENS and DINA MARIE STEINER. | |
| CLEMENS STEINER,<br><br>       Respondent,<br><br>v.<br><br>DINA SCHON,<br><br>       Appellant. | E084792<br><br>(Super.Ct.No. FAMRS904014)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Dismissed.

Dr. Dina Marie Schon, in pro. per., for Appellant.

No appearance for Respondent.

1

Appellant Dina Schon (Wife)[1] appeals from the hearing on her request for order (RFO) filed on October 2, 2018, regarding several issues including child support arrearages and interest owed on the arrearages by respondent Clemens Steiner (Husband). Wife and Husband were married on August 13, 2005, and their dissolution was effective on June 29, 2016. The dissolution judgment was entered on December 23, 2016 (dissolution judgment) and included the payment of child support by Husband to their two children. In 2018, Wife filed her RFO seeking numerous changes to the dissolution judgment, contending that Husband failed to pay child support, that the amount of child support should be increased, and that he should pay interest on the child support arrearages. The trial court made several rulings on the RFO after numerous hearings. A hearing on the findings and orders on the RFO was held on August 28, 2024. Husband submitted a final order after hearing (FOAH) for signature to the trial court on October 11, 2024, three days after Wife filed her notice of appeal from the August 28, 2024, hearing.

Wife is appealing the findings from the hearing on August 28, 2024, acknowledging that the proposed FOAH was submitted on October 11, 2024. Specifically, she claims the trial court made numerous erroneous rulings when calculating both interest and penalties on child support arrearages. She insists that such errors cost her children over $600,000. She also seeks to have Husband reprimanded for his delays in paying on the original dissolution order and ignoring orders. She also seeks a reversal

---

[1] Wife's last name was restored—from Steiner to Schon—upon the dissolution of the marriage.

of the order by the trial court refusing to award her attorney's fees so that she could be represented on appeal. She further provides her own calculations for the first time on appeal that she purports accurately reflect the amounts that Husband should be ordered to pay.[2] Husband has not filed a response.

Based on the hearings conducted on July 18, 2024, and August 28, 2024, the trial court made it clear that there would be a FOAH, which would constitute the final ruling. Wife filed her notice of appeal prior to the FOAH being signed by the trial court. Wife has not provided the FOAH to this court. We conclude the verbal orders at the August 28, 2024, hearing are not appealable and the appeal will be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

### A.    *DISSOLUTION JUDGMENT*

Wife and Husband were married on August 13, 2005, and had two children, C.S. (born Nov. 2005) and G.S. (born June 2007). On June 29, 2016, the trial court submitted a tentative decision on the dissolution of marriage. It addressed child and spousal support arrearages. It found that Husband owed child support in the amount of $172,207 from August 1, 2010, through June 30, 2016. That amount was reduced to $103,253 based on overpayment of spousal support to Wife. The trial court also concluded that Wife was owed interest in the amount of $42,024 through June 30, 2016. The total amount of arrears, including child support, spousal support, and interest, was found to be $145,277; Husband was to pay $3,500 per month, commencing on August 5, 2016, with interest

---

[2] The request for judicial notice filed on February 26, 2025, is denied.

accruing until paid in full. As for current child support, Husband was to pay Wife, commencing on January 1, 2016, the sum of $4,717 per month payable each month until the children reached the age of 18. That amount could later increase with bonuses or increase in Husband's income. Wife was awarded $178,500 in attorney's fees.

The dissolution judgment based on the tentative decision was filed on December 8, 2016; notice of entry of judgment was entered on December 23, 2016.

B.      REQUEST FOR ORDER

On October 2, 2018, Wife filed her RFO to change child support and to address attorney's fees and costs. Wife was represented by counsel. Wife provided that Husband had not paid the following: (1) $87,200 ordered on December 8, 2016; (2) $8,215.75 ordered for attorney's fees on June 9, 2017; and (3) $32,323 that Petitioner had been ordered to pay on October 15, 2018 at a rate of $5,000 each month. Wife contended that Husband had provided incomplete records of his income, including any bonuses, which would increase the amount of child support owed.

As for child support, the declaration from Wife in support of the RFO provided at the time of the dissolution judgment, the court had found Husband's total income was $25,478 each month. Wife alleged that the income and expense declaration filed by Husband on August 7, 2018, was substantially inaccurate. She calculated what she believed his income for 2017 was, and it was substantially more than reported. She provided what she believed was owed in child support based on Husband's income for the years 2015, 2016 and 2017. She sought a retroactive order for child support back to 2015. She calculated the arrearages as $823,921, consisting of $683,269 principal and

4

$131,653 interest. Further, she sought a new order of child support of $31,808 each month commencing on January 1, 2018. The total arrearages were $1,077,641 through the date of Wife's declaration, which was September 27, 2018. Wife also sought attorney's fees and sanctions.

Husband provided additional financial information, including paychecks and credit card bills. Wife was not satisfied with the documentation provided by Husband, and a hearing was set for Husband to provide evidence and testimony of his income.

After the hearing, which is not part of the record, the trial court issued its first ruling on submitted matter on June 9, 2022.[3] The trial court found Husband had failed to comply with the dissolution order and there was a substantial change in circumstances, since the judgment of child support, based on a significant increase in Husband's income. The trial court determined it had no jurisdiction to determine arrearages for child support prior to October 2, 2018. The trial court considered Husband's income for child support purposes. The court calculated Husband's income by averaging annual income from the tax returns in 2018, 2019 and 2020. The three-year average was calculated as $1,138,157.

The trial court noted that Wife sought to have child support calculated pursuant to *In re Marriage of Hubner* (2001) 94 Cal.App.4th 175, which would increase the amount from the guidelines in Family Code section 4057 because the children should share in the lifestyle of Husband. The trial court ruled that the guideline amount was sufficient in the

---

[3] The matter was continued numerous times due to the COVID pandemic and due to reopening the case for disputed issues.

5

case. The trial court ordered Husband to pay $20,000 a month commencing January 1, 2022, until the children reached the age of 18. The trial court also calculated arrearages for child support from January 1, 2019, and found a total of $497,473.50 was owed by Husband. Husband was also responsible for interest in the amount of $49,747.35. The total arrearages was $547,220.85 payable monthly in the amount of $11,400.43 commencing August 1, 2022, with interest to accrue on any missed payments. Wife was also awarded attorney's fees and sanctions were imposed against Husband.

On March 10, 2023, the trial court issued its second ruling on submitted matter. The matter had been reopened on the issues of child support arrearages and interest. There were further court hearings that are not part of the record and further evidence was presented. With some payments made, the trial court found that for child support arrearages and interest he owed a total of $480,751. Husband was to pay $11,500 monthly for arrearages, commencing April 1, 2023.

Wife objected to the second ruling on submitted matter. She sought to have the trial court revisit its calculations on child support and to use her calculation, which came to $507,604 through December 31, 2022. She attached numerous exhibits.

A third ruling on submitted matter was filed on April 18, 2023. The trial court addressed interest on child support arrearages. It found interest on the arrears shall accrue at the rate of 10 percent commencing September 1, 2022, until the arrearages were paid in full. As of December 31, 2022, the unpaid arrears was $394,413. Husband was to continue to pay $11,500 each month on child support arrearages with accumulating interest.

6

On April 4, 2024, counsel for Wife filed a findings and order after hearing, which was signed by the trial court. On May 10, 2024, Husband sought to have the findings and order corrected; the hearing was set for July 18, 2024. Husband objected to the findings and order on the ground that an attached exhibit incorrectly showed the interest accrued on child support arrearages.

C.      HEARINGS ON JULY 18, 2024, AND AUGUST 28, 2024

The hearing on the objections to the findings and orders was called on July 18, 2024. Wife was now representing herself. The trial court noted that it was aware that the attachment to the findings and orders was incorrect. It intended to vacate the findings and order and correct the attachment. Wife argued that the interest on the child support should be paid for the entirety of the arrearages. Husband objected that the issue was res judicata and that it was not properly raised at the hearing to correct the final order on decisions already made by the trial court. Wife sought to have the matter reheard. The trial court noted that it appeared Wife was stating the order was wrong, but the issue was properly raised in a motion to set aside or on appeal. The only proper issue for the current hearing was that the attachment was to be replaced. Wife was free to file a motion to set aside the ruling and the trial court would review it. Husband was to prepare the proper attachment with the final order to be approved by Wife.

On August 23, 2024, Wife filed a supplemental declaration. She sought a recalculation of child support arrears. She also sought attorney's fees in order to properly litigate the matter. She insisted her attorney had been incompetent. Due to her attorney's

incompetence, she sought a recalculation of the interest on the child support arrearages that was owed.

A hearing was conducted on August 28, 2024. Husband argued the supplemental declaration was untimely. The trial court agreed it was untimely and that Wife was arguing the trial court should reconsider its interest order. The trial court was willing to view the supplemental declaration as a motion to reconsider, which was untimely. The trial court found that even if it was timely filed, "I still believe that the law that I applied to my original ruling was correct; otherwise, I would have applied different law." The trial court reiterated that it understood the law to mean that it could not order interest on arrearages before the RFO was made. Wife requested attorney's fees so she could file an appeal. The trial court insisted it would ensure that the order complied with the findings made prior to signing. The trial court denied Wife's request for attorney's fees.

On October 8, 2024, Wife filed her appeal from "Judgment after court trial." She requested a clerk's transcript on appeal. She requested the oral proceedings on July 18, 2024, and August 28, 2024. According to the register of actions the FOAH was submitted by Husband on October 11, 2024. There is no FOAH signed by the trial court included as part of the record on appeal.

## DISCUSSION

Wife appeals from the findings at the August 18, 2024, hearing. She argues that the trial court made several miscalculations as to the amount owed for child support arrearages and interest. She also seeks to have this court reverse the trial court's order

8

denying her attorney's fees so that she could hire counsel on appeal. We conclude that the appeal does not appear to be from the final judgment.

" 'Generally no appeal can be taken except from a final order or judgment as defined in the statutes and developed in the case law.' " (*Schwartz v. Schwartz* (1970) 5 Cal.App.3d 133, 138.) "Civil cases in California are governed by the ' "one final judgment" ' rule, which 'prohibits review of intermediate rulings by appeal until final resolution of the case.' " (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.) "The rationale for the rule ' " 'is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' " ' [Citation.] Courts should not recognize exceptions to the one final judgment rule unless ' " clearly mandated." ' " (*Id.* at p. 277.)

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "[A] reviewing court lacks jurisdiction on direct appeal in the absence of an appealable order or judgment." (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21.) "[W]ithout an appealable order, we must dismiss the appeal." (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79.)

Wife acknowledges that the FOAH had not been filed when she filed her notice of appeal in her opening brief, stating, "At the time of my filing of the appeal, the trial court did not submit its FOAH—it did so three (3) days after receiving notice of my appeal for

9

its ruling related to how interest and penalties are calculated on child support arrears." She admits to filing the appeal, "regarding [the trial court's] refusal to correct [its] interest and penalties calculations on our 8/28/2024 hearing." The notice of appeal designates that it was an appeal of a judgment after a court trial on August 28, 2024. The record supports that the trial court, after the August 28, 2024 trial, intended to sign the FOAH that was prepared by Husband and approved by Wife. The findings at the August 28, 2024, hearing were not the final orders of the trial court and do not constitute a final judgment.

In fact, the register of actions provides that Husband only submitted the FOAH on October 11, 2024. There is nothing that states it was signed by the trial court on that date. Based on the history of the case, in which the trial court submitted numerous rulings and Wife and Husband both objected to the prior final order, it is not entirely clear if there was a FOAH signed by the trial court.

Even if we were to liberally construe the notice of appeal to be from the FOAH, as stated, it is not clear if and when the FOAH was signed by the trial court. The Register of Actions provides that Wife filed another request for order on October 17, 2024, in which it states "Correct OAH/Sanctions/Verify Expouse filed by Dr Wife Marie 09/06/24." It is conceivable the FOAH was not filed, or changes were made after Husband submitted it for signature on October 11, 2024.

Additionally, Wife has not provided the FOAH to this court, which makes it impossible to review the trial court's final findings and orders on the RFO. A party challenging a judgment has the burden of providing an adequate record to show

10

reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)[4] Although Wife refers to the FOAH, we cannot accept her representation of that the document was in fact signed by the trial court and that the judgment is final on her RFO. As such, without an appealable order, the appeal is dismissed.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

---

[4] As noted *ante*, Wife filed a request for judicial notice on February 6, 2025; the FOAH was not one of the documents that the court was asked to take judicial notice of.